IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity,<br><br>　　　　Defendant. | C.A. No. 1:20-cv-12090-DPW |

## STIPULATION

On November 3, 2020, the voters of Massachusetts approved Ballot Question 1, titled "An Initiative Law to Enhance, Update and Protect the 2013 Motor Vehicle Right to Repair Law" (herein referred to as the "2020 Right to Repair Law").  The 2020 Right to Repair Law will go into effect by December 18, 2020.

On November 20, 2020, Plaintiff Alliance for Automotive Innovation, on behalf of its auto manufacturer members, filed a Complaint against Defendant Maura Healey, in her official capacity as Attorney General of the Commonwealth of Massachusetts.  Through this action, Plaintiff seeks to enjoin enforcement of the 2020 Right to Repair Law based on a number of legal claims, including claims that the law is preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq.*, and the Clean Air Act, 42 U.S.C. § 7401, *et seq.*

At the status conference on December 3, 2020, the Court directed the parties to propose an expedited schedule for a potential bench trial on the merits on those claims in 2021.  The Court also asked counsel for the Attorney General about the timing for issuance of the "motor vehicle

1

telematics system notice" discussed in Section 4 of the 2020 Right to Repair Law and whether the Office of the Attorney General would enter into a stipulation regarding the timing of such issuance.

Drafting the notice discussed in Section 4 of the new law will require careful consideration of the law and consultation with interested stakeholders.  The Office of Attorney General also believes that prompt resolution of Plaintiff's claims challenging the 2020 Right to Repair Law is in the public interest.  Accordingly, the Office of the Attorney General stipulates that it does not intend to, and will not issue, the notice discussed in Section 4 until after the Court rules on the claims expected to be tried on an expedited schedule in 2021 (unless those claims are dismissed at an earlier date).  Similarly, the Office of the Attorney General stipulates that it does not intend to and will not exercise its enforcement authority under Chapter 93A, Chapter 93K, or otherwise, to enforce any provision of the 2020 Right to Repair Law until after the Court rules on the claims expected to be tried to the bench on an expedited schedule in 2021 (unless those claims are dismissed at an earlier date).  The Office of the Attorney General reserves the right to revise this stipulation in the event that adjudication of those claims is delayed beyond July 1, 2021, but further stipulates that it will do so only after first providing 14 days advance notice to Plaintiff and the Court of its intent to do so.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL,


/s/ Robert E. Toone
Robert E. Toone, BBO #663249
Eric A. Haskell, BBO #665533
Jennifer E. Greaney, BBO #643337
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2178
Robert.Toone@mass.gov

Dated:  December 7, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on December 7, 2020.

/s/ Robert E. Toone