UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION, <br><br> Plaintiff, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEWALTH OF MASSACHUSETTS in her official capacity, <br><br> Defendant. | CIVIL ACTION <br> NO. 1:20-cv-12090-DPW |

**<u>DEFENDANT ATTORNEY GENERAL MAURA HEALEY'S MOTION TO DISMISS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), the defendant Attorney General respectfully move to dismiss all claims filed against her by the plaintiff Alliance for Automotive Innovation ("the Alliance") in this action. As grounds for this motion, the Attorney General states as follows:

1. On November 3, 2020, the voters of Massachusetts approved Ballot Question 1, titled "An Initiative Law to Enhance, Update and Protect the 2013 Motor Vehicle Right to Repair Law" (herein referred to as the "2020 Right to Repair Law").

2. The plaintiff Alliance is a trade association for the automotive industry. It filed this action on November 20, 2020, seeking declaratory and injunctive relief against the 2020 Right to Repair Law on a variety of grounds.

3. In Count 1 (Compl. ¶¶ 94-106), the Alliance claims that the 2020 Right to Repair Law is preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et seq.* That claim should be dismissed under Rule 12(b)(6) because the cybersecurity guidance on which the Alliance primarily relies is non-binding agency guidance with no preemptive value.

1

No motor vehicle safety standards or other federal regulations preempt the 2020 Right to Repair Law, and the "make inoperative" provision of the Motor Vehicle Safety Act, 49 U.S.C. § 30122(b), applies only to the disablement of safety devices and elements themselves required by a federal safety standard, not to data-access controls that manufacturers may have added.

4. In Count 2 (Compl. ¶¶ 107-15), the Alliance claims that the 2020 Right to Repair Law is preempted by the Clean Air Act, 42 U.S.C. § 7401 *et seq.* That claim should be dismissed under Rule 12(b)(6) because the Clean Air Act's express preemption provision applies only to emission-control standards, 42 U.S.C. § 7543(a), and its savings clause preserves state authority to regulate anything that affects a vehicle's method of operation, *id.* § 7543(d). There is no conflict with the Clean Air Act's anti-tampering prohibition, *id.* § 7522(a)(3)(A), because the 2020 Right to Repair Law does not require anyone to disable or tamper with an emissions-control device, and because the Clean Air Act and its regulations favor a policy of open-access to emissions-control data.

5. In Count 3 (Compl. ¶¶ 116-28), the Alliance claims that the 2020 Right to Repair Law is preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* That claim should be dismissed under Rule 12(b)(6) because the 2020 Right to Repair Law does not authorize any third party to reproduce, copy, or prepare derivative works based upon copyrighted materials.

6. In Count 4 (Compl. ¶¶ 129-38), the Alliance claims that the 2020 Right to Repair Law is preempted by the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* That claim should be dismissed under Rule 12(b)(6) because the 2020 Right to Repair Law does not require manufacturers to divulge trade secrets and the Defend Trade Secrets Act does not preempt state laws that authorize transfers of information.

7. In Count 5 (Compl. ¶¶ 139-47), the Alliance claims that the 2020 Right to Repair Law is preempted by the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. That claim should be dismissed under Rule 12(b)(6) because the Computer Fraud and Abuse Act does not preempt state laws that authorize access to information held in computers or on servers.

8. In Count 6 (Compl. ¶¶ 148-59), the Alliance claims that the 2020 Right to Repair Law is preempted by the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* That claim should be dismissed under Rule 12(b)(6) because the Digital Millennium Copyright Act does not preempt state laws requiring those who hold data to provide access to it, and because the 2020 Right to Repair Law does not enable circumvention of technological measures by unauthorized parties.

9. In Count 7 (Compl. ¶¶ 160-70), the Alliance seeks a declaration that the 2020 Right to Repair Law is unenforceable because it works an unconstitutional taking under the U.S. Constitution. That claim should be dismissed under Rule 12(b)(6) because the declaratory relief that the Alliance seeks is not available on a takings theory, and the claim cannot be reasonably construed as seeking any other available relief.

10. In Count 8 (Compl. ¶¶ 171-80), the Alliance also asserts a claim for "preliminary and permanent injunction." That claim should be dismissed under Rule 12(b)(6) because an injunction is a remedy, not a cause of action.

11. Even if this Court determines that dismissal of any claim is premature because certain factual issues require resolution through trial, it should nevertheless dismiss that claim under Rule 12(b)(1) for lack of associational standing. The Alliance lacks associational standing because any trial of material facts will necessarily require participation by its individual

members, including the presentation of extensive detail on its members' different and proprietary vehicle systems, telematics systems, and data access controls.

WHEREFORE, for these reasons and the reasons set forth in her supporting memorandum of law, the Attorney General requests that the Court dismiss all claims against her in the complaint.

>	Respectfully submitted,
>
>	MAURA HEALEY
>	ATTORNEY GENERAL,
>
>
>	/s/ Robert E. Toone
>	Robert E. Toone, BBO #663249
>	Eric A. Haskell, BBO #665533
>	Jennifer E. Greaney, BBO #643337
>	Assistant Attorneys General
>	Office of the Attorney General
>	One Ashburton Place
>	Boston, MA  02108
>	617-963-2178
>	Robert.Toone@mass.gov

Dated:  December 18, 2020

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), counsel for the defendant Attorney General certifies that they conferred with counsel for the plaintiff Alliance for Automotive Innovation in a good-faith effort to resolve or narrow the issues raised by this motion, but were unable to resolve the issues raised

>	/s/ Robert E. Toone

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on December 18, 2020.

>	/s/ Robert E. Toone