# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION | ) )  ) |
| Plaintiff, | ) |
| vs. | ) ) |
| MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS, in her official capacity, | ) ) ) ) ) |
| Defendant. | ) |

C.A. No. 20-12090-DPW

## CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 1, 16̶7̶ and 26(c) and Federal Rule of Evidence 502, the Court adopts this Confidentiality Protective Order as an Order of the Court ("Order").  As good cause, the entry of this Order is necessary (1) to assure a just, speedy and comparatively inexpensive determination of this litigation; (2) to protect confidential information that may be produced or otherwise disclosed during this litigation—*i.e.*, "trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G)—the broad disclosure of which would risk significant harm to the above-captioned parties ("Party" or "Parties"), non-parties, and the public; (2) as well as (3) to protect any inadvertently produced attorney-client privileged information and work product.  The protections afforded by this Order are meant to apply to the Parties and any third party in this litigation and in any other state or federal proceeding as set forth in Federal Rule of Evidence 502(d) and (e).

## Definitions

1.     "Confidential Information" means all information designated as being confidential (as set forth below) that is produced, provided, or made available in the course of formal or informal discovery or other proceedings in this action, including, but not limited to:

(a)     documents, tangible things, and electronically stored information ("Documents");

(b)     responses to interrogatories, responses to requests to admit, or other written responses to discovery;

(c)     answers, information, and testimony provided during the course of depositions, hearings, or at trial, including transcripts of such depositions, hearings, and trial;

(d)     information provided to this Court through motion practice or otherwise.

2.     "Highly Confidential Information" means a limited subset of information designated "Confidential Information" that, given its unusually sensitive nature, is to be reserved for attorneys' eyes only.  Information designated Highly Confidential Information is to be viewable only by counsel of record and Permitted Experts in this proceeding.  For purposes of this Protective Order, Highly Confidential Information is included in the provisions governing, and protections afforded to, Confidential Information unless otherwise stated.

3.     "Permitted Expert" means an expert or consultant who is retained or used by a Party in this action or the Party's counsel to assist counsel in connection with counsel's work in this action or to provide testimony in this action.  Before a Permitted Expert is able to view Confidential Information or Highly Confidential Information, the Party retaining or using the Permitted Expert must provide the other Party advance notice of the Permitted Expert's retention or use.  If the other Party objects to the disclosure of Confidential Information or Highly Confidential Information to the designated Permitted Expert, it must do so in writing within 3 business days, during which

time no Confidential Information or Highly Confidential Information shall be disclosed to the designated Permitted Expert.

4.     "Producing Non-Party" means an individual or an entity that is not a Party to the above-captioned litigation who produces documents and information pursuant to subpoena, an informal request of a Party, or otherwise in this case.  These third parties may designate material or information that they produce Confidential Information or Highly Confidential Information under this Order if they sign an acknowledgment agreeing to be bound by all of the provisions of this Order.

## Designating Confidential and Highly Confidential Information

5.     **Criteria for Designation.**  A Party or a Producing Non-Party may designate information as Confidential Information if the Party making such designation reasonably believes that the information embodies or contains trade secrets, competitive and strategic initiatives, financial or business planning information, or other confidential research, development or commercial information, provided that the owner of such material has taken reasonable steps to maintain its confidentiality.  For a subset of Confidential Information, a Party or a Producing Nonparty may further designate that information as Highly Confidential Information.  This designation is reserved for information that is extremely sensitive, for which the Party or Producing Non-Party would suffer a substantial risk of serious harm that could not be avoided by less restrictive means if that information were disseminated to others in the litigation, including but not limited to information that would reveal particularly confidential commercial information such as a party's highly sensitive trade secrets or closely held, proprietary cybersecurity techniques.

6.    **Method for Designation.**   A Party or a Producing Non-Party may designate information as Confidential Information or Highly Confidential Information by the following means:

(a)    **Documents Produced By A Party Or A Producing Non-Party:** For Documents, a Party or a Producing Non-Party shall mark any page containing Confidential Information with the legend "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  A Party or Producing Non-Party will endeavor to designate Documents as such prior to production but may designate Documents as such after service or receipt of such Documents.  Such retroactive designation shall be made in writing and it shall be the obligation of the designating Party or Producing Non-Party to provide the other Party with a revised copy of the information being retroactively designated containing the proper confidentiality designations.   Upon receipt, the non-designating Party shall destroy all undesignated copies of such Documents produced in the litigation (except for any original versions maintained by that Party prior to production, provided, however, that the non-designating Party shall only use the retroactively designated copies for the purposes of this litigation).

(b)    **Responses To Interrogatories. Responses To Requests To Admit Or Other Written Responses To Discovery:**  As to each specific response for which confidentiality is claimed, a Party or Producing Non-Party shall designate each such response as containing Confidential Information by including the legend "RESPONSES [X], [Y] AND [Z] CONFIDENTIAL" or "RESPONSES [A], [B] AND [C] HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY," as

4

appropriate, on the first page of the document and on every page on which Confidential Information appears.   A receiving Party shall treat all written responses to discovery as Confidential Information for 7 calendar days after they are served on the receiving Party.   Within 7 calendar days after service, the responding Party may designate any specific responses not already designated as Confidential Information as containing Confidential Information by serving written notice on the non-designating Party identifying the specific responses for which confidentiality is claimed.

(c)    **Answers, Information, And Testimony Provided In The Course Of Depositions, Hearings. Or Trial. Including The Transcripts Of Such Proceedings:**

(i)   All deposition testimony and exhibits, and all deposition, hearing, and trial transcripts, shall be treated as Confidential Information until 7 calendar days after the final transcript is received from the court reporter.   Within 7 calendar days after receipt of the final transcript, a Party or Producing Non-Party may designate any portion of the subject testimony as containing Confidential Information or Highly Confidential Information by serving written notice upon all other Parties and the court reporter identifying the portions of the transcript, by page and line reference for which confidentiality is claimed.   After any such designation, counsel for all the Parties shall be responsible for marking the designated material in all previously unmarked copies of transcripts and exhibits as containing Confidential Information or Highly Confidential Information as set forth above.

5

(ii) During the taking of testimony (or during oral argument), a Party or Producing Non-Party believing that any testimony or oral argument about to be elicited (or proffered) will contain Confidential Information, may designate that portion of the testimony, argument, or exhibit as containing Confidential Information and the Parties shall instruct the court reporter (or request the Court) to so mark the transcript or exhibit accordingly, as well as to impound the information as set forth below.  Also, prior to taking any such testimony or proffering such exhibit, all persons who are not permitted recipients of Confidential Information shall be asked to leave the room or exit the video conference of the proceedings while such testimony is being taken and the exhibit is being proffered.

(iii) Any court reporter or videographer who transcribes or videotapes testimony in this action shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.  The Party or Producing Non-Party designating information or Documents attached as Confidential Information shall be responsible for notifying any court reporter or videographer of these obligations.

7.    If a receiving Party, at any time, wishes to have the designation of any particular Confidential Information or Highly Confidential Information removed or changed, that Party shall

first request, in writing, that the designating Party or Producing Non-Party change its designation and the receiving Party shall provide the reasons therefor.  Thereafter, the challenging Party and the designating Party or Producing Non-Party shall make good-faith efforts to resolve the dispute. If the designating Party or Producing Non-Party refuses to agree to remove or change the designation, then the challenging Party may file a motion with the Court for an order removing or changing the designation.  The burden of persuasion in any such motion shall be on the designating party.  At all times during the process of challenging a designation, the Parties shall treat the Confidential Information as originally designated until the Parties agree upon removal of the designation or the motion is decided by the Court and written notice of such decision is served on the Parties.

### Use And Disclosure Of Confidential Information

8.      The Parties shall use Confidential Information or Highly Confidential Information only for the purpose of the above-captioned matter (including any and all appeals).

9.      Nothing designated as Confidential Information or Highly Confidential Information pursuant to this Order may be disclosed in response to a request under the Massachusetts Public Records Law (M.G.L. c. 66, § 10) absent an Order from this Court permitting such disclosure.  In considering whether to issue such an Order in response to such a request, the Court will follow the approach outlined by the Supreme Judicial Court of Massachusetts in *Commonwealth* v. *Fremont Investment & Loan*, 459 Mass. 29 (2011), it shall be the responsibility of the Defendant to inform any requester of this procedure for addressing Massachusetts Public Records Law requests that implicate this Protective Order.

10.      Any Party filing with the Court any motion, brief, exhibit, or other document in this action that incorporates, contains, or discloses the contents of Confidential Information or Highly

Confidential Information shall follow Local Rule 7.2 with respect to seeking leave to impound the Confidential Information or Highly Confidential Information and, on doing so, shall reference clearly and conspicuously in the motion that the material has been marked as containing Confidential Information or Highly Confidential Information pursuant to this Order.  Also, the motion, brief, or other document itself shall contain the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, on the first page of the document, as well as on every page on which Confidential Information or Highly Confidential Information appears.  If only a portion of a document filed under seal contains Confidential or Highly Confidential Information, then the Party filing the document shall, that same day, file a public version of the document with the Confidential or Highly Confidential Information redacted.

11.     Highly Confidential Information shall not be disclosed to, or viewed by, anyone other than:

(a)     the Attorney General for the Commonwealth of Massachusetts and attorneys and support staff employed in her office, but excluding outside Special Assistant Attorneys General;

(b)     Plaintiff's counsel of record from Mayer Brown and Mintz Levin and their support staff, excluding employees of Plaintiff itself;

(c)     the Permitted Experts in this litigation and their support staff, provided they have signed the Declaration and Agreement described in Paragraph 15 below, subject to the notice and objection requirements specified in Paragraph 3;

(d)   the Court and Court personnel as it becomes necessary during the course of the litigation or as is allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties;

(e)   certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information as well as translators working for or on behalf of a Party;

(f)   Outside litigation support providers retained by counsel for the Parties, such as electronic discovery, graphics services, and trial technology providers, photographers, videographers, and similar support providers, all of whom shall use such information solely for purposes of this litigation and all of which shall execute the Designation and Agreement described below in Paragraph 15 prior to receiving any Confidential Information; and

(g)   witnesses who may be examined concerning documents containing Highly Confidential Information if it appears on the face of the document that the witness is the author or recipient of the document, and the witness has signed the Declaration and Agreement described in Paragraph 15 below.

12.   Confidential Information—not including Highly Confidential Information—shall be disclosed only to the following persons and entities and shall be limited to the disclosure reasonably necessary for such person's or entity's activities in connection with this litigation:

(a)   All persons and entities entitled to receive access to Highly Confidential pursuant to Paragraph 11 above;

(b)   The Parties and their employees who have a need to know of such information;

(c)    In-house or outside attorneys for the Parties, and those attorneys' respective employees; and

(d)    Witnesses who may be examined and may testify concerning such Confidential Information who have signed the Declaration and Agreement described in Paragraph 15 below.

13.    Confidential Information or Highly Confidential Information produced by a Producing Non-Party shall not be disclosed to other Producing Non-Parties.

14.    Notwithstanding anything to the contrary in Paragraph 12 above, Confidential Information—not including Highly Confidential Information—may be disclosed and copies may be provided to persons who are reasonably believed to have authored the information to be disclosed or received the information to be disclosed prior to its production in this litigation, and any other persons with the prior authorization of the Court to receive such disclosures.

15.    To the extent otherwise permitted under Paragraphs 11 and 12 of this order, disclosure of Confidential Information and Highly Confidential Information is appropriate only after those persons have signed, as Declarant, an acknowledgment of the terms of this protective order in the form of the "Declaration and Agreement" attached as Exhibit A.  Any counsel who facilitates disclosure of Confidential Information to a Declarant who has signed Exhibit A shall retain an original or copy of this signed form for two years after the resolution, by final judgment or otherwise (including all appeals), of the above-captioned litigation.

16.    Once a Declarant who is an expert witness or an outside litigation support provider terminates his or her services in this litigation, he or she shall return all Confidential Information to the Party that retained him or her, and will destroy electronically stored copies of such

information.  Upon termination, the expert-witness Declarant will no longer be allowed access to Confidential Information unless he or she executes a new Declaration and Agreement.

17.     Within 14 calendar days after the conclusion of the litigation, whether by dismissal. Judgment, or settlement, counsel retaining executed Declarations and Agreements shall be responsible for notifying all Declarants that the litigation has ended and instruct those Declarants to return, within 14 calendar days, all paper copies of Confidential Information or Highly Confidential Information in their possession, custody, or control to the person or entity who furnished the information or to counsel in this action, and destroy electronically stored Confidential Information or Highly Confidential Information.  Notwithstanding the foregoing, counsel shall be entitled to retain a copy of any and all Confidential Information as may be required by the applicable Rules of Professional Conduct.

### Inadvertent Production/Federal Rule of Evidence 502

18.     If any attorney-client privileged information or work product is disclosed inadvertently, that disclosure shall not operate as a waiver in this action so long as the producing Party takes reasonable steps to rectify the error, including, if applicable, following Federal Rule of Civil Procedure 26(b)(5)(B).  Among other things, the producing Party or Producing Non-Party shall notify the receiving Party in writing and identify the privileged or protected material by Bates designation or other identifiable description.  Upon receipt of a notice of inadvertent disclosure, the receiving Party must refrain from viewing such material or using such material in any way, and must follow the producing Party's or Producing Non-Party's reasonable instructions regarding the disposition of the material.  To the extent there is a disagreement regarding the proper disposition of the material, the receiving Party shall refrain from using the material unless and until the Court makes a determination as to its proper disposition.

19.     The provisions of Paragraph 18 specifically apply to metadata produced by the Parties—inadvertently or otherwise.

20.     The production of any information by a Party in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other state or federal court or administrative proceeding, constitute a waiver by either Party of any privilege applicable to that information, including the attorney-client privilege and the work product doctrine, as to the information produced or as to the subject matter thereof.

**Miscellaneous Provisions**

21.     Nothing herein shall prohibit a reference to or summary of Confidential Information or Highly Confidential Information in briefs, motions, or memoranda of facts or law filed in this action; provided, however, that the reference to or summary of such Confidential Information or Highly Confidential Information must be classified as and treated as Confidential Information or Highly Confidential Information as set forth herein.

22.     This Order shall survive the termination of this litigation and the protection afforded by this Order shall remain in effect until limited or terminated by the Parties or the Court.

23.     Within 60 calendar days after any final appeal in this action is exhausted, or within 90 calendar days of the resolution of this action by stipulation or non-appealed judgment, each Party possessing Confidential Information or Highly Confidential Information designated as such by the other Party will destroy the Confidential Information or Highly Confidential Information, maintain it in a manner consistent with the terms of this Order, or return it to the appropriate counsel, as counsel requests.  Each Party must deliver to the disclosing Party's counsel within 60 calendar days after the final appeal in this action is exhausted, or within 90 calendar days of the

resolution of this action by stipulation or non-appealed judgment, a certification that the Party has complied with the terms of this Order or explain in writing why it has not done so.

24.     If Confidential Information or Highly Confidential Information in the possession, custody, or control of a Party in this action is subpoenaed, requested or demanded in another action or proceeding, or the subject of a public records request, the Party in possession, custody, or control of the Confidential Information or Highly Confidential Information shall object to production of the Confidential Information or Highly Confidential Information by setting forth the existence of this Order.  A Party shall also give prompt written notice of such subpoena, request, or demand to the appropriate Party or Producing Non-Party that asserted the information was Confidential `Information or Highly Confidential Information.  Neither the provisions of this Order, nor any designation or failure to designate any information as Confidential Information or Highly Confidential Information under this Order, shall constitute a waiver of a Party's or Producing Nonparty's assertion of confidentiality with respect to any information in any other action or proceeding.   Provided that the Party or Producing Non-Party seeking to maintain the confidentiality of the information has taken the necessary steps to prevent, through judicial process, production of the documents sought, the Party that possesses such documents shall not produce in such an action any documents produced as Confidential Information or Highly Confidential Information in this Litigation until the motion to quash or analogous proceeding has been resolved.

25.     Notwithstanding the above, if any information that a producing Party or Producing Non-Party claims is Confidential Information is inadvertently disclosed to a receiving Party without being properly designated as Confidential Information, the designating Party or Producing Non-Party may notify the receiving Party that such Confidential Information was inadvertently

not designated, provided the producing Party or Producing Non-Party gives such notice in writing as soon as reasonably possible after becoming aware that the Confidential Information was not properly designated.  Such written notice shall identify with specificity the information the designating Party or Producing Non-Party is then designating to be Confidential Information.  If the designating Party or Producing Non-Party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure.  Upon receipt of written notice as provided for herein, the receiving Party shall mark the original and all known copies of the information with the proper designation.  In addition, the receiving Party shall use its best efforts to ensure that the information that was disclosed prior to the late designation is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

26.     No Party shall be obligated to challenge the appropriateness of any confidentiality designation or Confidential Information by another Party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action.

27.     Nothing in the provisions of this Order shall prevent a designating Party or Producing Non-Party from using its own Confidential Information in any manner such designating Party or Producing Non-Party desires subject to any other Party's rights who has an interest in the documents.  If, however, a designating Party or Producing Non-Party wishes to use its own Confidential Information or Highly Confidential Information in a manner that it inconsistent with the obligations of receiving parties under this Order, it must first remove the designation of Confidential Information or Highly Confidential Information prior to use.

14

28.     This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure or admission of such information under the Federal Rules of Evidence, provided, however, that after the entry of this Order, no Party may object to any discovery request on the ground that it seeks confidential or highly confidential information.

29.     This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time.  Any Party for good cause may apply, before or after the termination of this action, to the Court for a modification of this Order.

30.     The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as Confidential Information or Highly Confidential Information; shall use their best efforts to act in good faith to separate out and segregate Documents containing Confidential Information or Highly Confidential Information from those that do not contain Confidential Information or Highly Confidential Information; shall use their best efforts to act in good faith to limit the number of persons to whom Confidential Information or Highly Confidential Information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

SO ORDERED on this _____ day of January, 2021.

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION | ) ) ) | |
| Plaintiff, | ) | C.A. No. 20-12090-DPW |
| vs. | ) ) | |
| MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity, | ) ) ) ) ) | |
| Defendant. | ) | |

### DECLARATION AND AGREEMENT

I, _____, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am employed by in the capacity of _____.

2.      I have read the Protective Order ("Court Order") entered in the above-captioned case, *Alliance for Automotive Innovation v. Healey*, Case No. 1:20-cv-12090-DPW.

3.      I agree to be bound by the Court Order, and I agree not to disclose information protected by the Court Order to any person not authorized to receive that information.

4.      I consent to the jurisdiction of the United States District Court in the District of Massachusetts for enforcement of the Court Order and this Declaration and Agreement and waive any and all objections to jurisdiction and venue.

5.      I understand that I may be subject to contempt or other sanctions for the failure to obey the Court Order.

6.      I will use information deemed to be or designated as Confidential Information under the Court Order exclusively for my activities, work, or testimony in connection with this litigation.

7.      When I am informed that this litigation is concluded, I will return all Confidential Information in my possession, custody, or control to the person who furnished the information or to counsel in this action and will destroy such information if it is in electronically stored form.

[If executed within the United States or its territories:] "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).  (Signature)."]

[If executed outside the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).  (Signature)."]