IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| ALLIANCE FOR AUTOMOTIVE INNOVATION, Plaintiff, vs. MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity, Defendant. | C.A. No. 1:20-cv-12090-DPW |
|---|---|

**AMENDED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b) and for good cause shown, the Court hereby ORDERS the following amended schedule leading up to the non-jury trial on Counts 1 and 2 of the Complaint set for **June 14, 2021**, with all amended deadlines indicated in bold below:

Original  Amended

| Original | Amended | |
|---|---|---|
| 2/5/21 | 2/5/21 | Parties served Initial Disclosures. |
| 2/5/21 | 2/5/21 | Affirmative Discovery Opened |
| 2/18/21 | 2/18/21 | Plaintiff served expert witness disclosures. |
| 4/2/21 | **4/26/21** | Attorney General served expert witness disclosures. |
| 4/16/21 | **5/10/21** | Plaintiff serves rebuttal expert witness disclosures (if any). |
| 5/7/21 | 5/7/21 | Close of all fact discovery. |
| 5/7/21 | **5/21/21** | Close of all expert discovery |
| 5/17/21 Noon | 5/17/21 Noon | Parties serve proposed findings of fact and conclusions of law on any issue on which they bear burden of proof in accordance with Order Regulating Non-Jury Civil Trial ¶ II(2). |

1

| | | |
|---|---|---|
| N/A | **5/24/21 Noon** | Parties to serve supplemental proposed findings of fact and conclusions of law on any issue on which they bear burden of proof to incorporate any additional information obtained during expert discovery. |
| 5/27/21 Noon | 5/27/21 Noon | Parties to file mark-ups of proposed findings and rulings served May 17 and supplemented May 24, and parties to serve any additional or substitute proposed findings and conclusions in accordance with Order Regulating Non-Jury Civil Trial ¶ II(3)(a)-(b). |
| 5/27/21 Noon | 5/27/21 Noon | Parties to file exhibit lists, witness lists with affidavits of direct testimony, and designations of deposition testimony to be introduced at trial in accordance with Order Regulating Non-Jury Civil Trial ¶ II(4). |
| 6/4/21 Noon | 6/4/21 Noon | Parties to file mark-ups of any proposed additional or substitute findings and conclusions in accordance with Order Regulating Non-Jury Civil Trial ¶ II(3)(c). |
| 6/4/21 Noon | 6/4/21 Noon | Parties to file notices of intent to cross-examine in accordance with Order Regulating Non-Jury Civil Trial ¶ II(5). |
| 6/4/21 Noon | 6/4/21 Noon | Parties to file any motions for leave for all or any part of direct testimony of any witness to be taken by oral examination in accordance with Order Regulating Non-Jury Civil Trial ¶ III(2)(d)(3). |
| 6/4/21 Noon | 6/4/21 Noon | Parties to file Trial Memoranda in accordance with Order Regulating Non-Jury Civil Trial ¶ II(6). |
| 6/7/21 | 6/7/21 | Parties to file joint list of time anticipated for live testimony |
| 6/7/21 | 6/7/21 | Final pretrial conference |
| 6/14/21 | 6/14/21 | Trial start date |

Pursuant to Fed. R. Civ. P. 5, 26, 33, 34 and 36, and Local Rules 7.1(b)(2) and 26.1(c), and for good cause shown, it is hereby further ordered that:

1. All discovery requests and responses (including production of documents) shall be served only electronically, in the manner agreed by the parties.

2. Each party's Initial Disclosure shall be accompanied by: (a) production of the documents described by Fed. R. Civ. P. 26(1)(A)(ii); (b) a preliminary list of the fact

witnesses that party intends to call at trial, subject to later supplementation; and (c) a preliminary statement of the basis for that party's position that the challenged statute is or is not preempted by the National Traffic and Motor Vehicle Safety Act or the Clean Air Act, and explaining why that Party believes immediate compliance with the challenged statute is, or is not, possible without violating those federal statutes.

3. Written objections and responses to requests for production of documents, interrogatories, and requests for admission shall be served within 15 days of service of the pertinent discovery request.

4. The Parties shall make good faith efforts to produce all non-privileged documents within 30 days of a document request, and otherwise shall commence production on a rolling basis and complete production as soon as practicable thereafter.

5. The number of discovery requests permitted shall initially be governed by Local Rule 26.1(c), but subject to modification by mutual agreement of the Parties.

6. The parties shall work in good faith to ensure their requests for production of documents are narrowly tailored.

7. All expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(A) shall include a report in accordance with Fed. R. Civ. P. 26(a)(2)(B).

8. All expert witness disclosures shall be accompanied by production of all documents containing facts or data considered by that witness in forming his/her opinion (or identify those documents by bates number or URL link).

9. Any opposition to a motion seeking discovery-related relief, including but not limited to any motion to compel, motion for leave to take discovery, or motion for a protective order, shall be filed within 7 days of the filing of the pertinent motion.

10. All depositions shall be conducted virtually.

11. The parties may agree to modify any of the discovery deadlines set forth herein without further order of the Court, provided that such modifications do not impact the trial date or any other deadline to file anything with the Court.

12. Discovery shall be limited to information relevant to claims or defenses relating to Counts 1 and 2 of the Complaint.

SO ORDERED on this __29th__ day of April, 2021.

*/s/ Douglas P. Woodlock*
───────────────────────────────
Hon. Douglas P. Woodlock
United States District Court Judge

110995902v1