UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION,<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEWALTH OF MASSACHUSETTS, in her official capacity,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:20-cv-12090-DPW |

## **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

The Alliance for Automotive Innovation ("Alliance") has failed to carry its burden of showing that there is "no possible set of conditions" under which the 2020 Right to Repair Law "would not conflict with federal law." *Cal. Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 580 (1987); *accord Pharm. Research & Mfrs. of Am. v. Concannon*, 249 F.3d 66, 77 (1st Cir. 2001) (plaintiff making facial claim has "the most difficult challenge" of establishing that "no set of circumstances exists under which" this law "would be valid"), *aff'd*, 538 U.S. 644 (2003). Pursuant to Fed. R. Civ. P. 52(c), Attorney General Healey moves for judgment as a matter of law on the Alliance's claims of conflict preemption by the Motor Vehicle Safety Act ("MVSA"), 49 U.S.C. § 30101, *et seq.*, and the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq. See Fed. Ins. Co. v. HPSC, Inc.*, 480 F.3d 26, 32 (1st Cir. 2007) ("[W]e treat motions for judgment as a matter of law made during bench trials as motions for judgment on partial findings under Rule 52(c)."). The Attorney General is entitled to judgment as a matter of law for the following reasons:

*First*, the Alliance has failed to establish that it has associational standing to press its claims of conflict preemption. *See* Deft's Concl. of Law ¶¶ 1-9 (Doc. No. 174). The Alliance's evidence

1

revealed that "member circumstances differ" with respect to car manufacturers' ("OEMs") vehicle design and ability to comply with the 2020 Right to Repair Law. *Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 314 (1st Cir. 2005).  Rather, the evidence demonstrated that this case necessarily involves "application of law to a series of different factual scenarios," rendering associational standing inappropriate. *Nat'l Ass'n of Gov't Employees v. Mulligan*, 914 F. Supp. 2d 10, 14 (D. Mass. 2012).

*Second*, the Alliance has identified no cause of action that entitles it to pursue claims of conflict preemption under the MVSA or CAA. *See* Deft's Concl. of Law ("CL") ¶¶ 10-27 (Doc. No. 174). It has no right of action to assert an affirmative claim of preemption under the Supremacy Clause or under 42 U.S.C. § 1983. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325 (2015); *Boston & Me. Corp. v. Town of Ayer*, 330 F.3d 12, 18 (1st Cir. 2003). And the Alliance's attempt to invoke the equitable powers of this Court falters because both the MVSA and the CAA evince an "intent to foreclose" the equitable relief sought by the Alliance. *Armstrong*, 575 U.S. at 328. The Alliance's narrow reading of *Armstrong v. Exceptional Child Ctr., Inc.* finds no support in *Armstrong* itself or any other precedent. *See* Pltf.'s Trial Brief, Doc. No. 173, at 18-

19 n.10.  And the Alliance cannot point to anything in the MVSA or the CAA suggesting that Congress did not "inten[d] to foreclose" the equitable relief it seeks.  *Armstrong*, 575 U.S. at 328.  Notably, the Alliance does not deny that the MVSA and CAA grant an exclusive right of action to the United States, but not to private litigants, to enforce the purportedly preemptive statutory provisions.  *See* 42 U.S.C. § 7523(a)-(b); 49 U.S.C. §§ 30121(b), 30163(a).  It is settled that "the 'express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'"  *Armstrong*, 575 U.S. at 328 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)).

*Third*, the testimony of the Alliance's witnesses confirmed that its conflict preemption claims are predicated on idiosyncratic and unduly expansive interpretations of the 2020 Right to Repair Law.  *See, e.g.*, Deft's Mot. in Limine (*Daubert*), Dkt. No. 177, at 7-10.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Accepting these expansive interpretations of the 2020 Right to Repair Law would be inconsistent with this Court's obligation to avoid "assum[ing] [the law] will be construed in a way

that creates a conflict with federal law." *Arizona v. United States*, 567 U.S. 387, 415 (2012); *see* Deft's Concl. of Law ¶ 34 (Doc. No. 174).  Indeed, rather than accept the plaintiff's witnesses' interpretations of the statute, this Court "must … consider any limiting construction that a state court or enforcement agency has proffered," *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 66 (1st Cir. 2011), and it must "take note of terms that carry technical meaning[s]," including "when interpreting a statute about computers." *Van Buren v. United States*, 593 U.S. ___ (2021) (slip op. 11).  Thus, the Court should, as a matter of law, reject the Alliance's proffered interpretations of the 2020 Right to Repair Law and its witnesses' conclusions, based on those interpretations, that OEMs cannot comply with the state law.  The Alliance has introduced no evidence that, under the Attorney General's interpretation of the 2020 Right to Repair Law, compliance with state and federal law is a "physical impossibility," *Arizona*, 567 U.S. at 399, or that compliance with the state law would stand as an obstacle to the accomplishment of a "significant objective" of the MVSA or CAA.  *Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 330 (2011).

       For the foregoing reasons, this Court should enter findings and conclusions in accordance with Fed. R. Civ. P. 52(c) and enter judgment in favor of Attorney General Healey.

Respectfully submitted,

ATTORNEY GENERAL
MAURA HEALEY

By her attorneys,

/s/ Julia E. Kobick
Robert E. Toone, BBO No. 663249
Eric A. Haskell, BBO No. 665533
Phoebe Fischer-Groban, BBO No. 687068
Julia E. Kobick, BBO No. 680194
  Assistant Attorneys General
Christine Fimognari, BBO No. 703410
  Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, Mass.  02108
(617) 963-2559
julia.kobick@mass.gov

June 14, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 14, 2021.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on June 14, 2021, I contacted counsel for the plaintiff in an attempt in good faith to reach agreement on this motion, but was not able to reach plaintiff's counsel and presume, therefore, that the plaintiff opposes this motion.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General