UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION ) ) ) Plaintiff, ) vs. ) ) MAURA HEALEY, ATTORNEY ) GENERAL OF THE COMMONWEALTH ) OF MASSACHUSETTS, ) in her official capacity, ) ) Defendant. ) | CIVIL ACTION NO. 20-12090-DPW |

**PROCEDURAL ORDER**

In anticipation of the final argument in this matter on Wednesday, July 21, 2021, and in order to assist the parties in the preparation for that argument, the Court makes the following directives.

1. On or before 4:00 p.m., Tuesday, July 20, 2021, the parties shall submit their respective final mark-ups of the opposing party's revised and substituted findings of fact and conclusions of law filed July 14, 2021;

2. At the argument scheduled to commence 11:00 a.m., Wednesday, July 21, 2021, in Courtroom 1, the parties should be prepared to address the following topics:

(a) As to the justiciability of the dispute, whether the lack of an express private right of action under the Supremacy Clause and the invoked federal statute deprives the plaintiff association of the ability to seek judicial redress for its anticipatory pre-enforcement challenge to the constitutionality of the Data Access Law under either the First or Second Claims for Relief;

(b) What deference, if any, is due the Attorney General's provisional (for purposes of

framing the issues for this litigation) or ultimate (for purposes of providing the Notice directed by the Data Access Law) interpretative guidance through her obligation to provide notice regarding the Data Access Law;

(c) Are the provisions of the Data Access Law severable or does the challenge to the Data Access Law rise or fall on the viability of the law on the effective date;

(d) How, if at all, is a challenge to the Data Access Law as of the effective date ripe with respect to Plaintiff's "render inoperative" theory;

(e) How, if at all, is a challenge to the Data Access Law as of the effective date ripe with respect to Plaintiff's "recall" theory under the Motor Vehicle Safety Act;

(f) If preemption of the Data Access Law at this time is found, should any stay pending appeal be conditioned upon

   (i) the Attorney General beginning forthwith to provide the appropriate administrative process with respect to her Notice obligations;

   (ii) the plaintiff association petitioning for appropriate rule making under either or both the National Highway Safety Act or the Clean Air Act; and

(g) What actual claims of harm of its own — and not as a pass-through purportedly asserting harm on behalf of one or more of its members — does the Association itself have regarding intellectual property purportedly taken or appropriated under the Third, Fourth, Fifth, Sixth and Seventh Claims for Relief, which are pending resolution of the Attorney General's Motion to Dismiss (Dkt. No. 75).

SO ORDERED on this 19th day of July, 2021.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE