# Exhibit A

**Attorney General's Proposal on Further Submissions to the Court**
**September 6, 2022**

**Toone, Robert (AGO)**

| | |
|---|---|
| **From:** | Toone, Robert (AGO) |
| **Sent:** | Tuesday, September 6, 2022 10:33 AM |
| **To:** | Nadolenco, John; Queen, Daniel D.; Linder, Jason; Schoen, Laurence |
| **Cc:** | Haskell, Eric (AGO); Fimognari, Christine (AGO) |
| **Subject:** | AAI v. Healey |
| **Attachments:** | statutory terms defined 22-9-6.docx; Draft_AGO 4th Interrogs_9.6.22.docx; Draft_30(b)(6) notice_FCA_9.6.22.docx; Draft_30(b)(6) notice_GM_9.6.22.docx |
| | |
| **Importance:** | High |

Dear counsel:

We hope you had a nice holiday weekend.

Following up on the September 1st hearing and subsequent electronic filing by the Court, we propose that the parties proceed as follows:

On the issue of interpretation of the Data Access Law's terms, we have attached a Word document ("statutory terms defined 22-9-6") that sets forth the Attorney General's interpretation of key terms in the law. We have left a placeholder for AAI to set forth its position on each term, including whether it agrees with the Attorney General's interpretation or believes that the term should be interpreted differently. We propose that AAI complete its portion of this document by Thursday, September 15, though we'd be happy to confer on any issues before then. After that, assuming that we are not in agreement as to the meaning of all terms, each party will submit a brief to the Court by Friday, September 30 in support of their respective interpretations.

On the issue of what steps, if any, the representative parties have taken to implement the law's requirements, we believe that this information can be most efficiently produced through the attached supplemental interrogatories and Rule 30(b)(6) deposition notices, which we plan to submit as attachments to the Court on Friday. If the Court approves the supplemental interrogatories next week, we expect that following AAI's 15-day response period we will be able to take the Rule 30(b)(6) depositions during the week of October 3-7 (the attached notices have placeholder dates for October 4 and 6), and that the parties will be able to submit any supplemental briefing on those issues the following week.

Please let us know if you agree with this proposed approach or whether you would like to discuss by videoconference.

Best wishes,

Robert Toone
Chief, Government Bureau
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA  02108
(617) 963-2178
robert.toone@mass.gov
*he/him/his*

# Email Attachment 1

**Attorney General's Proposed Interpretation of
Key Statutory Terms in Data Access Law
September 6, 2022**

**A.      Interpretation of Terms in Section 2**

Section 2 of the Data Access Law provides that:

> motor vehicle owners' and independent repair facilities' access to vehicle onboard diagnostic systems shall be standardized and not require any authorization by the manufacturer, directly or indirectly, unless that authorization system for access to vehicle networks and their on-board diagnostic systems is standardized across all makes and models sold in the Commonwealth and is administered by an entity unaffiliated with a manufacturer.

G.L. c. 93K, § 2(d)(1).

**1.      "Motor vehicle"**

- <u>Attorney General's position</u>:  The term "motor vehicle" means any "vehicle, originally manufactured for distribution and sale in the United States, driven or drawn by mechanical power and manufactured primarily for use on public streets, roads and highways," with certain exceptions set forth in Mass. G.L. c. 93K, § 1. This definition includes cars powered by internal combustion engines and electric cars.

- <u>AAI's position</u>:

**2.      "Authorization"**

- <u>Attorney General's position</u>:  The term "authorization" means an actor's role or what it is and is not permitted to do on a system.  Authorization is distinct from authentication, which refers to the confirmation of the identity of an individual, user, or other actor.

- <u>AAI's position</u>:

**3.      "Access to vehicle networks and their onboard diagnostic systems"**

- <u>Attorney General's position</u>:  The term "access to vehicle networks and their onboard diagnostic systems" means access for obtaining data related to the purposes of diagnosis, repair, and maintenance.

- <u>AAI's position</u>:

1

    **4.**    **"An entity unaffiliated with a manufacturer"**

- <u>Attorney General's position</u>:  The term "entity unaffiliated with a manufacturer" means an entity that does not have a formal corporate affiliation with an OEM or is subject to an OEM's direct or indirect control.

- <u>AAI's position</u>:

**B.**    **Interpretation of Terms in Section 3**

Section 3 of the Data Access Law provides that:

[c]ommencing in model year 2022 and thereafter a manufacturer of motor vehicles sold in the Commonwealth . . . that utilizes a telematics system shall be required to equip such vehicles with an inter-operable, standardized and open access platform across all of the manufacturer's makes and models. Such platform shall be capable of securely communicating all mechanical data emanating directly from the motor vehicle via direct data connection to the platform. Such platform shall be directly accessible by the owner of the vehicle through a mobile-based application and, upon the authorization of the vehicle owner, all mechanical data shall be directly accessible by [both independent mechanics and dealerships] limited to the time to complete the repair or for a period of time agreed to by the vehicle owner for the purposes of maintaining, diagnosing and repairing the motor vehicle. Access shall include the ability to send commands to in-vehicle components if needed for purposes of maintenance, diagnostics and repair.

Mass. G.L. c. 93K, § 2(f).

    **1.**    **"Telematics system"**

- <u>Attorney General's position</u>:  The term "telematics system" means any "any system in a motor vehicle that collects information generated by the operation of the vehicle and transmits such information . . . utilizing wireless communications to a remote receiving point where it is stored."

- <u>AAI's position</u>:

    **2.**    **"Mechanical data"**

- <u>Attorney General's position</u>:  The term "mechanical data" means any "any vehicle-specific data, including telematics system data, generated, stored in or transmitted by a motor vehicle used for or otherwise related to the diagnosis, repair or maintenance of the vehicle."

2

- <u>AAI's position</u>:

**3.      "Platform"**

- <u>Attorney General's position</u>:  The term "platform" means the vehicle architecture and associated software and features.

- <u>AAI's position</u>:

**4.      "Interoperable"**

- <u>Attorney General's position</u>:  The term "interoperable" means a standard way to connect and communicate with the vehicle.  An interoperable device is one that can be used regardless of the manufacturer.

- <u>AAI's position</u>:

**5.      "Standardized"**

- <u>Attorney General's position</u>:  The term "standardized" means following a common and well documented method to perform the necessary actions such that there is a common, agreed upon way of communicating.

- <u>AAI's position</u>:

**6.      "Open access"**

- <u>Attorney General's position</u>:  The term "open access" means having a non-gated way to gain access to the data and capabilities.  An open access platform and the mechanical data it communicates with are freely accessible to the owner, without the OEM acting as a gatekeeper.

- <u>AAI's position</u>:

**7.      "Directly accessible"**

- <u>Attorney General's position</u>:  The term "directly accessible" means that the consumer will not need to go through the OEM to perform diagnosis, maintenance, and repairs.

3

- <u>AAI's position</u>:

### 8.   **"Securely communicating"**

- <u>Attorney General's position</u>:  The term "security communicating" means communication in a way that authenticates the identities of the recipient and the sender, where the communication is not made known to parties other than the recipient and the sender and the integrity of the communication is not compromised.

- <u>AAI's position</u>:

### 9.   **"Ability to send commands to in-vehicle components if needed for purposes of maintenance, diagnostics and repair"**

- <u>Attorney General's position</u>:  The term "ability to send commands to in-vehicle components if needed for purposes of maintenance, diagnostics and repair" means the ability to write diagnostic data to vehicle ECUs, and to transmit packets to the ECU, if necessary for the maintenance, diagnosis, or repair of a vehicle.

- <u>AAI's position</u>:

# Email Attachment 2

**Attorney General's Draft Supplemental Interrogatories
on OEM Efforts to Comply with Data Access Law
September 6, 2022**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION,<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEWALTH OF MASSACHUSETTS in her official capacity,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:20-cv-12090-DPW |

## ATTORNEY GENERAL MAURA HEALEY'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF ALLIANCE FOR AUTOMOTIVE INNOVATION

Defendant Attorney General Maura Healey, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's direction at the September 1, 2022 hearing, requests that plaintiff Alliance for Automotive Innovation provide answers to the following interrogatories in writing and under oath within fifteen days, by directing them to undersigned counsel via e-mail at christine.fimognari@mass.gov.

## DEFINITIONS

1.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), as set forth in Local Rule 26.5(C)(1).

2.      "Concerning" means referring to, describing, evidencing, or constituting, as set forth in Local Rule 26.5(C)(7).

3.      To "Identify" (when referring to persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment, as set forth in Local Rule 26.5(C)(3).

1

4.      To "Identify" (when referring to Documents) means to give, to the extent known, means to give, to the extent known, the (A) type of Document; (B) general subject matter; (C) date of the Document; and (D) author(s), addressee(s), and recipient(s); as set forth in Local Rule 26.5(C)(4).

5.      To "Identify" (when referring to a device, element of design, Telematics System, On-Board Diagnostic System, or other thing) means to give, to the extent known, (A) the thing's full name; (B) any part number or other nomenclature used to refer to that specific thing; (C) any version, model, or iteration used to refer to that specific thing; and (D) to Identify Persons with Knowledge Concerning that thing.

6.      To "Identify" (when referring to acts or occurrence) means to state the nature, time, and place of the act or occurrence, and to Identify the Persons involved in that act or occurrence, as set forth in Local Rule 26.5(C)(8).

7.      "Person" means any natural person or any business, legal, or governmental entity or association, as set forth in Local Rule 26.5(C)(6).

8.      "You" means the plaintiff Alliance for Automotive Innovation; its officers, directors, employees, and attorneys; its corporate parent, corporate subsidiaries, and corporate affiliates; and all officers, directors, employees, and attorneys thereof.  To the extent that a topic seeks information predating the creation of the Alliance for Automotive Innovation in or about January 2020, "Alliance for Automotive Innovation" shall be defined also to include the Association of Global Automakers, the Alliance of Automobile Manufacturers, and their respective officers, directors, employees, attorneys; corporate parent, corporate subsidiaries, and corporate affiliates; and all officers, directors, employees, and attorneys thereof.

9.      "Designated Member" means each of Your members that You, in accordance with the rubric discussed with the Court on December 18, 2020, nominated to testify in this case; its officers, directors, employees, and attorneys; its corporate parent, corporate subsidiaries, and corporate affiliates; and all officers, directors, employees, and attorneys thereof.  Designated Members include, but are not limited to, FCA US LLC and General Motors LLC.

10.     "Actively Participating Member" means each of Your members (other than Designated Members) that manufactures, distributes, or sells motor vehicles in the United States, either directly or through dealers, and that has actively participated in Your prosecution of this case, including by preparing an affidavit or declaration; that Member's officers, directors, employees, and attorneys; that Member's corporate parent, corporate subsidiaries, and corporate affiliates; and all officers, directors, employees, and attorneys thereof. Actively Participating Members include, but are not limited to, BMW of North America LLC, Ford Motor Company, American Honda Motor Co. Inc., Hyundai Motor America, Jaguar Land Rover North America LLC, Kia Motors America Inc., Mazda Motor of America Inc., Mercedes-Benz USA LLC, Subaru of America Inc., and Toyota Motor North America Inc.

11.     "Other Member" means each of Your members (other than Designated Members and Actively Participating Members) that manufactures, distributes, or sells motor vehicles in the United States, either directly or through dealers, that Member's officers, directors, employees, and attorneys; that Member's corporate parent, corporate subsidiaries, and corporate affiliates; and all officers, directors, employees, and attorneys thereof. Other Members include, but are not limited to, Ferrari, Isuzu Motors America LLC, Karma Automotive, Maserati North America Inc., Mitsubishi Motors North America Inc., Nissan North America Inc., Porsche Cars North

America Inc., PSA Group, Suzuki Motor of America Inc., Volkswagen Group of America Inc., and Volvo Car USA LLC.

12.     "Question 1" means the initiative petition that was submitted to Attorney General Healey for certification on August 6, 2019, and which appeared on the ballot at the state election held on November 3, 2020, as "Question 1," a copy of which was filed by You as ECF #28-1 in the captioned action.

13.     The "Data Access Law" means the statutory amendments approved by the voters on November 3, 2020, in the form of Question 1.

14.     "Telematics System" means any system in a motor vehicle that collects information generated by the operation of the vehicle and transmits such information utilizing wireless communications to a remote receiving point where it is stored, as set forth in Mass. G.L. c. 93K, § 1, and in § 1 of the 2020 Right to Repair Law.

15.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all information that might otherwise be construed to be outside the scope.

16.     "Compliance With § 2 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 2 of the Data Access Law.

17.     "Compliance With § 3 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 3 of the Data Access Law.

18.     A "method of Compliance with § 2 of the Data Access Law" means a technique, system, design, strategy, or approach to conform one's conduct to the requirements set forth in § 2 of the Data Access Law.

19.     A "method of Compliance with § 2 of the Data Access Law" means a technique, system, design, strategy, or approach to conform one's conduct to the requirements set forth in § 3 of the Data Access Law.

20.     "Each" shall include "every" and "every" shall include "each."

21.     "Any" shall include "all" and "all" shall include "any."

22.     The plural shall include the singular and the singular shall include the plural.

## INSTRUCTIONS

1.     Answers to these interrogatories are to be based on all information, in whatever form or from whatever source, that is available to You, your Designated Members, your Actively Participating Members, and your Other Members.  Please make diligent inquiry of any and all persons, documents, and other sources that may have any information relating in any way to any of these interrogatories.

2.     If you are unable to answer fully an interrogatory, please answer it to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder, and stating whatever information, knowledge, or belief you have concerning the unanswerable portion.

3.     If exact information is not available in responding to an interrogatory, please use or provide the best available estimate, designating any estimate so used or provided as such and stating the basis, source and/or other derivation of such estimate.

4.     If you object to an interrogatory or any subpart thereof, including on the ground of a claim of privilege, please answer the interrogatory or subpart to the extent not objected-to.

5.     Pursuant to Fed. R. Civ. P. 26(e), your response to these interrogatories must be seasonably supplemented or amended upon the receipt of new information.

## INTERROGATORIES

**INTERROGATORY NO. 27**

For each Designated Member, identify any policy or practice implemented since January 1, 2021, concerning compliance with § 2 of the Data Access Law.

**INTERROGATORY NO. 28**

For each Designated Member, identify any policy or practice implemented since January 1, 2021, concerning compliance with § 3 of the Data Access Law.

**INTERROGATORY NO. 29**

For each Designated Member, identify any funds spent since January 1, 2021, relating to research and/or development on methods of complying with § 2 of the Data Access Law.

**INTERROGATORY NO. 30**

For each Designated Member, identify any funds spent since January 1, 2021, relating to research and/or development on methods of complying with § 3 of the Data Access Law.

**INTERROGATORY NO. 31**

For each Designated Member, identify any employee whose job responsibilities since January 1, 2021, have included research and/or development on methods of complying with § 2 of the Data Access Law.

**INTERROGATORY NO. 32**

For each Designated Member, identify any employee whose job responsibilities since January 1, 2021, have included research and/or development on methods of complying with § 3 of the Data Access Law.

**INTERROGATORY NO. 33**

For each Designated Member, identify any policy or practice implemented since January 1, 2021, concerning research and/or development of an inter-operable, standardized, and open access platform capable of securely communicating all mechanical data emanating directly from the motor vehicle via direct data connection to the platform, as described in the Data Access Law.

**INTERROGATORY NO. 34**

For each Designated Member, identify any efforts since January 1, 2021, to research and/or develop an inter-operable, standardized, and open access platform capable of securely

6

communicating all mechanical data emanating directly from the motor vehicle via direct data connection to the platform, as described in the Data Access Law.

**<u>INTERROGATORY NO. 35</u>**

For each Designated Member, identify any efforts since January 1, 2021, to research and/or develop any interim methods of compliance with Sections 2 or 3 of the Data Access Law, including but not limited to the use of a dongle.

**<u>INTERROGATORY NO. 36</u>**

For each Designated Member, identify any efforts since January 1, 2021, to research and/or develop policies or practices of disabling (or refusing or forbidding the enactment of) any Telematics System in any Model Year 2022 or newer vehicle manufactured, distributed, or sold by the Designated Member.

**<u>INTERROGATORY NO. 37</u>**

For each Designated Member, identify any communications received since January 1, 2021, from the Auto Care Association and/or the Right to Repair Committee concerning compliance with the Data Access Law.

**<u>INTERROGATORY NO. 38</u>**

For each communication identified in interrogatory No. 37, please state the Designated Member's response.

# Email Attachment 3

**Attorney General's Draft Rule 30(b)(6)
Deposition Notice to FCA US LLC
September 6, 2022**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ALLIANCE FOR AUTOMOTIVE INNOVATION,

Plaintiff,

v.

MAURA HEALEY, ATTORNEY GENERAL OF
THE COMMONWEALTH OF
MASSACHUSETTS, in her official capacity,

Defendant

CIVIL ACTION
NO. 1:20-cv-12090-DPW

---

**NOTICE OF DEPOSITION OF FCA US LLC
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

To:     **FCA US LLC**
         c/o John Nadolenco, Esq.
         Mayer Brown LLP
         1999 K Street, NW
         Washington, DC 20006
         (202) 263-3000
         jnadolenco@mayerbrown.com

Please take notice that at 10:00 o'clock in the morning on October 4, 2022, Defendant

Maura Healey, Attorney General of the Commonwealth of Massachusetts, by her attorneys of

record, will take the deposition of FCA US LLC, via Zoom video conference.  The deposition

will be upon oral examination pursuant to the applicable provisions of the Federal Rules of Civil

Procedure, and before a Notary Public in and for the Commonwealth of Massachusetts, or before

some other officer authorized to administer oaths.  The oral examination will continue from day

to day until completed.  The deponent should bring positive identification with them.

Pursuant to Fed. R. Civ. P. 30(b)(6), FCA US LLC is instructed to designate a person or

persons to testify on its behalf regarding the topics as set forth in Schedule A.

1

Counsel of record is invited to attend and cross examine.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

By her attorneys,

September 6, 2022

*/s/ Christine Fimognari*
Robert E. Toone, BBO No.
Eric A. Haskell, BBO No.
Phoebe Fischer-Groban, BBO No.
Christine Fimognari, BBO No. 703410
    Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-22206
Christine.fimognari@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on September 6, 2022, electronically to opposing counsel of record as follows:

Laurence A. Schoen, Esq.
lschoen@mintz.com

Erika Z. Jones, Esq.
ejones@mayerbrown.com

Elissa Flynn-Poppey, Esq.
eflynn-poppey@mintz.com

Eric A. White, Esq.
eawhite@mayerbrown.com

Charles H. Haake
chaake@autosinnovate.org

John Nadolenco, Esq.
jnadolenco@mayerbrown.com

Jessica L. Simmons
jsimmons@autosinnovate.org

*/s/ Christine Fimognari*
Christine Fimognari
Assistant Attorney General

September 6, 2022

## SCHEDULE A
### Definitions

1. "Question 1" means the initiative petition that was submitted to Attorney General Healey for certification on August 6, 2019, and which appeared on the ballot at the state election held on November 3, 2020, as "Question 1," a copy of which was filed by You as ECF #28-1 in the captioned action.

2. The "Data Access Law" means the statutory amendments approved by the voters on November 3, 2020, in the form of Question 1.

3. "To comply with § 2 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 2 of the Data Access Law.

4. "To comply with § 3 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 3 of the Data Access Law.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all information that might otherwise be construed to be outside the scope.

### Topics for Examination

1. What efforts has FCA US LLC taken since January 1, 2021, to comply with Section 2 of the Data Access Law?

2. What efforts has FCA US LLC taken since January 1, 2021, to comply with Section 3 of the Data Access Law?

# Email Attachment 4

**Attorney General's Draft Rule 30(b)(6)**
**Deposition Notice to General Motors LLC**
**September 6, 2022**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ALLIANCE FOR AUTOMOTIVE INNOVATION,

Plaintiff,

v.

MAURA HEALEY, ATTORNEY GENERAL OF
THE COMMONWEALTH OF
MASSACHUSETTS, in her official capacity,

Defendant

CIVIL ACTION
NO. 1:20-cv-12090-DPW

---

**NOTICE OF DEPOSITION OF GENERAL MOTORS LLC
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

To:   **General Motors LLC**
      c/o John Nadolenco, Esq.
      Mayer Brown LLP
      1999 K Street, NW
      Washington, DC 20006
      (202) 263-3000
      jnadolenco@mayerbrown.com

Please take notice that at 10:00 o'clock in the morning on October 6, 2022, Defendant

Maura Healey, Attorney General of the Commonwealth of Massachusetts, by her attorneys of

record, will take the deposition of General Motors LLC ("GM"), via Zoom video conference.

The deposition will be upon oral examination pursuant to the applicable provisions of the Federal

Rules of Civil Procedure, and before a Notary Public in and for the Commonwealth of

Massachusetts, or before some other officer authorized to administer oaths.  The oral

examination will continue from day to day until completed.  The deponent should bring positive

identification with them.

Pursuant to Fed. R. Civ. P. 30(b)(6), General Motors LLC is instructed to designate a

1

person or persons to testify on its behalf regarding the topics as set forth in Schedule A.

Counsel of record is invited to attend and cross examine.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

By her attorneys,

September 6, 2022

*/s/ Christine Fimognari*
Robert E. Toone, BBO No.
Eric A. Haskell, BBO No.
Phoebe Fischer-Groban, BBO No.
Christine Fimognari, BBO No. 703410
    Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-22206
Christine.fimognari@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on September 6, 2022, electronically to opposing counsel of record as follows:

Laurence A. Schoen, Esq.
lschoen@mintz.com

Erika Z. Jones, Esq.
ejones@mayerbrown.com

Elissa Flynn-Poppey, Esq.
eflynn-poppey@mintz.com

Eric A. White, Esq.
eawhite@mayerbrown.com

Charles H. Haake
chaake@autosinnovate.org

John Nadolenco, Esq.
jnadolenco@mayerbrown.com

Jessica L. Simmons
jsimmons@autosinnovate.org

*/s/ Christine Fimognari*
Christine Fimognari
Assistant Attorney General

September 6, 2022

2

## SCHEDULE A
### Definitions

1. "Question 1" means the initiative petition that was submitted to Attorney General Healey for certification on August 6, 2019, and which appeared on the ballot at the state election held on November 3, 2020, as "Question 1," a copy of which was filed by You as ECF #28-1 in the captioned action.

2. The "Data Access Law" means the statutory amendments approved by the voters on November 3, 2020, in the form of Question 1.

3. "To comply with § 2 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 2 of the Data Access Law.

4. "To comply with § 3 of the Data Access Law" means to conform one's conduct to the requirements set forth in § 3 of the Data Access Law.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all information that might otherwise be construed to be outside the scope.

### Topics for Examination

1. What efforts has General Motors LLC taken since January 1, 2021, to comply with Section 2 of the Data Access Law?

2. What efforts has General Motors LLC taken since January 1, 2021, to comply with Section 3 of the Data Access Law?