# Exhibit B

Negotiations on Parties' Proposals for
Further Submissions to the Court
September 7-8, 2022

| | |
|---|---|
| **From:** | Schoen, Laurence |
| **To:** | Fimognari, Christine (AGO); Toone, Robert (AGO) |
| **Cc:** | Haskell, Eric (AGO); Queen, Daniel D.; Nadolenco, John; Linder, Jason; White, Eric; Jones, Erika Z. |
| **Subject:** | RE: Proposed schedule |
| **Date:** | Thursday, September 8, 2022 1:29:57 PM |

> **CAUTION:** This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Christine:

This is the not the first time we have raised the issue; it was also discussed during the hearing, and the Clerk's notes of the hearing expressly direct both parties to provide a report on that issue. (ECF 279: "**The parties were also afforded an opportunity to provide further submissions and associated evidentiary development of two major outstanding issues, the proper interpretation of the initiative language and the steps, if any, by the parties to implement the initiatives requirements.**").

We are not suggesting that the AG should terminate its stay of enforcement. But the question is whether the AG has taken any steps to clarify the gaps in the Data Access Law so that if the case is resolved and the stay lifted down the road, the AG would be ready to enforce the law.  For example, while the AG has agreed not to enforce the law, nothing would have prohibited the AG from promulgating regulations pursuant to the Law that would take effect only if the Law is ultimately upheld.  The fact that the AG has not promulgated such regulations during the interim period is not privileged.

Regards,
Larry

**Laurence Schoen**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1764
LSchoen@mintz.com | Mintz.com



---

**From:** Fimognari, Christine (AGO) <christine.fimognari@state.ma.us>
**Sent:** Thursday, September 8, 2022 1:12 PM
**To:** Schoen, Laurence <LSchoen@mintz.com>; Toone, Robert (AGO) <robert.toone@state.ma.us>
**Cc:** Haskell, Eric (AGO) <eric.haskell@state.ma.us>; Queen, Daniel D. <DQueen@mayerbrown.com>; Nadolenco, John <JNadolenco@mayerbrown.com>; Linder, Jason <JLinder@mayerbrown.com>; White, Eric <EAWhite@mayerbrown.com>; Jones, Erika Z. <EJones@mayerbrown.com>
**Subject:** RE: Proposed schedule

Larry,

Thanks for your response.  We regret that we cannot reach agreement on a joint proposal, but as you suggest we will prepare our proposal for filing with the Court tomorrow.

One question regarding your email.  For the first time during our discussions, you assert that "both sides" (i.e., including the Attorney General) should make submissions regarding "the status of efforts made, if any, to implement the Data Access Law's requirements."  As you are aware, at the Court's request, the Attorney General has agreed to delay her enforcement responsibilities under the Data Access Law, including issuance of the notice required under Section 4, in order to allow the Court to rule on the Alliance's facial preemption claims.  Is it the Alliance's position that the Attorney General should now terminate its non-enforcement stipulation and begin to implement the law?  If not, what is the "implementation" by the Attorney General's Office that you believe we should discuss in our submission?  If your position is that the Attorney General should describe her office's draft, pre-decisional plans for issuance of the notice and other potential enforcement activities:  (i) how is that information relevant to the Alliance's pre-enforcement preemption claims? and (ii) why isn't disclosure of that information squarely foreclosed by the opinion work product doctrine and deliberative process privilege?

Best,
Christine

Christine Fimognari
Assistant Attorney General
Constitutional and Administrative Law Division, Government Bureau
Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108
(617) 963-2206
christine.fimognari@mass.gov
Pronouns: *she/her/hers*

---

**From:** Schoen, Laurence <LSchoen@mintz.com>
**Sent:** Thursday, September 8, 2022 12:04 PM
**To:** Fimognari, Christine (AGO) <Christine.Fimognari@mass.gov>; Toone, Robert (AGO) <robert.toone@mass.gov>
**Cc:** Haskell, Eric (AGO) <eric.haskell@mass.gov>; Queen, Daniel D. <DQueen@mayerbrown.com>; Nadolenco, John <JNadolenco@mayerbrown.com>; Linder, Jason <JLinder@mayerbrown.com>; White, Eric <EAWhite@mayerbrown.com>; Jones, Erika Z. <EJones@mayerbrown.com>
**Subject:** RE: Proposed schedule

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Christine:

Thanks, but it appears we are too far apart on scheduling and procedure to reach agreement, and will have to each submit separate proposals to the Court.

We also don't agree that the affidavits will cover everything raised in your interrogatories, many of which are overbroad, ambiguous, or otherwise objectionable.  The Court did not broadly reopen discovery, but rather asked both sides to make submissions on a single question: the status of efforts made, if any, to implement the Data Access Law's requirements.  We plan to propose, in our submission, that both sides should provide sworn affidavits on that question (by October 14), followed by depositions of the affiants (if necessary) by Nov. 30, and any further briefing by Dec. 20.

I am of course available if helpful to discuss further.

Regards,
Larry

**Laurence Schoen**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1764
LSchoen@mintz.com | Mintz.com

---

**From:** Fimognari, Christine (AGO) <christine.fimognari@state.ma.us>
**Sent:** Wednesday, September 7, 2022 5:52 PM
**To:** Schoen, Laurence <LSchoen@mintz.com>; Toone, Robert (AGO) <robert.toone@state.ma.us>
**Cc:** Haskell, Eric (AGO) <eric.haskell@state.ma.us>; Queen, Daniel D. <DQueen@mayerbrown.com>; Nadolenco, John <JNadolenco@mayerbrown.com>; Linder, Jason <JLinder@mayerbrown.com>; White, Eric <EAWhite@mayerbrown.com>; Jones, Erika Z. <EJones@mayerbrown.com>
**Subject:** RE: Proposed schedule

Larry,

Thanks for conferring with your client and getting back to us with your counter-proposal. It seems like we can reach agreement on the substance of the procedure for submitting the additional information on each of these issues. In the interest of reaching compromise, we are willing to allow you to provide affidavits from GM and FCA, rather than responding to interrogatories. We assume that in the affidavits you will address the issues identified in the interrogatories, as they mirror the issues the judge indicated he was interested in at the September 1 hearing.  Given that we are

agreeing to affidavits rather than interrogatory responses, there is a greater likelihood that depositions will be necessary, so we will need to have the 30(b)(6) depositions scheduled as part of the proposed procedure we provide to the court. Of course, if after receiving the affidavits it becomes clear that depositions are unnecessary, we will cancel them, but at this point to accept affidavits in place of interrogatories we need to have the depositions agreed upon as part of the planned procedure. If this is acceptable to you, I believe we have reached agreement on the substance of the procedure for submitting additional information to the court.

However, we continue to disagree with your proposed deadlines. We believe that your proposed deadlines stretch too far into the future, and unnecessarily delay resolution of this case. On the statutory interpretation issue, the judge indicated a preference to get that information by around the end of September. The question of statutory interpretation is one of the main issues in the case that you should be promptly prepared to discuss.  On the efforts each OEM has taken to try to comply with the law, this information should be readily ascertainable from the OEMs, and it should not require such a significant amount of time to prepare an affidavit describing what efforts each OEM has undertaken.

Our deadline proposals to the court would be:

Meaning of the Law
1. AG provided AAI with her interpretations of the statute on September 6.
2. AAI to provide AG with its interpretations of the statute by no later than September 22.
3. The parties thereafter engage in good faith back and forth to try to narrow areas of disagreement, and file a joint submission with the Court no later than October 7 identifying areas of agreement and separately setting forth each party's position on any areas of disagreement.

Compliance
1. AAI to provide affidavits from both GM and FCA on the compliance efforts by September 29.
2. One 30(b)(6) deposition of each designated party (GM and FCA) to be completed by October 7.
3. Parties may submit further briefing to the Court by October 14.

Given how far apart we seem to be on the timing for providing this additional information, it may be most efficient to prepare a joint filing for Friday that presents the court with our agreed-upon substance of the procedure we will follow to provide the court with additional information on each issue, but separately presents each party's proposed deadlines. At the status hearing each side can then present their reasons for their proposed timeline, and the judge can decide which to implement.

Please let us know if you will agree to preparing a joint status report that indicates our agreement on the procedural steps to provide this information, but separately presents each party's proposed deadlines and allows the court to consider the scheduling issues at the next hearing. We can discuss further on a call if that would be helpful.

Thank you,
Christine

Christine Fimognari
Assistant Attorney General
Constitutional and Administrative Law Division, Government Bureau
Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108
(617) 963-2206
christine.fimognari@mass.gov
Pronouns: *she/her/hers*

---

**From:** Schoen, Laurence <LSchoen@mintz.com>
**Sent:** Wednesday, September 7, 2022 3:04 PM
**To:** Toone, Robert (AGO) <robert.toone@mass.gov>; Fimognari, Christine (AGO) <Christine.Fimognari@mass.gov>
**Cc:** Haskell, Eric (AGO) <eric.haskell@mass.gov>; Queen, Daniel D. <DQueen@mayerbrown.com>; Nadolenco, John <JNadolenco@mayerbrown.com>; Linder, Jason <JLinder@mayerbrown.com>; White, Eric <EAWhite@mayerbrown.com>; Jones, Erika Z. <EJones@mayerbrown.com>
**Subject:** Proposed schedule

> CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Robin and Christine:

Thanks for the call yesterday.  We have conferred further with our client, and wanted to suggest the following as a potential compromise on procedure and timing:

1. Meaning of the law
    1. AAI to provide AG with our interpretation(s) of the statute (responding to your document, and identifying any additional terms/ interpretations you did not address), by no later than Sept. 22
    2. The parties will thereafter engage in good faith back and forth to try to narrow areas of disagreement, and file a joint submission with the Court no later than October 14 identifying areas of agreement and separately setting forth each party's position on any areas of disagreement.

2. Compliance
    1. We will provide affidavit(s) from GM and FCA on the compliance issues by October 31.
    2. We agree to one deposition per designating party, if the AG requires it, for completion by November 30.

3. Parties each have right to submit any further briefing to the Court by Dec. 20.

We believe the above schedule is necessary to allow us sufficient time to fully address the compliance issues, especially since FCA's trial witness has retired. If the AG is unwilling to agree to the above timeline, we are willing to agree now, in the interests of compromise, to Oct. 14 for the affidavits, Nov. 4 for depositions and Nov. 21 for briefing, so long as we have the right to seek extension of those deadlines for good cause if it becomes necessary.

Please let us know if this works. We are happy to hop on a call to discuss if helpful.

Larry

**Laurence Schoen**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1764
LSchoen@mintz.com | Mintz.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the

email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.