# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION ) ) ) | |
| ) | C.A. No. 1:20-cv-12090-DPW |
| Plaintiff, ) | Judge Douglas P. Woodlock |
| ) | |
| vs. ) | |
| ) | |
| MAURA HEALEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity, ) ) ) ) | |
| ) | |
| Defendant. ) | |

## NON-PARTY AUTO CARE ASSOCIATION'S
## MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

**THOMPSON HINE LLP**

Steven A. Block (*pro hac vice*)
20 N. Clark Street, Suite 3200
Chicago, IL 60602
Tel.: 312.998.4200
Steven.Block@ThompsonHine.com

David A. Wilson, BBO No. 552388
1919 M Street, NW
Washington, DC 20036
Tel.: 202.331.8800
David.Wilson@ThompsonHine.com

Karim Sabbidine, BBO No. 699060
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel.: 212.344.5680
Karim.Sabbidine@ThompsonHine.com

*Attorneys for Non-Party Auto Care Association*

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS** .................................................................................................................. ii

**TABLE OF AUTHORITIES** ........................................................................................................... iii

**INTRODUCTION** ............................................................................................................................ 1

**BACKGROUND** .............................................................................................................................. 2

**ARGUMENT** .................................................................................................................................... 4

    A.    ACA Does not Possess Knowledge Nor Could It Prepare a Witness Regarding Topic No. 1 of the Deposition Subpoena. ............................................................................ 5

    B.    ACA Does Not Possess Knowledge Nor Could It Prepare a Witness Regarding Topic Nos. 2 to 4 of the Deposition Subpoena. ................................................................. 7

**CONCLUSION** ................................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
   244 F.3d 189 (1st Cir. 2001) ................................................................................................. 4

*Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*,
   201 F.R.D. 33 (D. Mass. 2001) .............................................................................................. 6

*Digital Equip. Corp. v. System Industries, Inc.*,
   108 F.R.D. 742 (D. Mass. 1986) ............................................................................................ 4

*Dravo Corp. v. Liberty Mutual Ins. Co.*,
   164 F.R.D. 70 (D. Neb. 1995) ................................................................................................ 6

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*,
   497 F.3d 1135 (10th Cir. 2007) .............................................................................................. 4

*Koninklijke Philips Elecs. N.V. v. Zoll Med. Corp.*,
   No. 10-11041-NMG, 2013 U.S. Dist. LEXIS 61441 (D. Mass April 30, 2013) .................... 7

*In re New Eng. Compounding Pharm., Inc.*,
   No. MDL No. 13-2419-RWZ, 2015 U.S. Dist. LEXIS 199090 (D. Mass. July 31,
   2015) ....................................................................................................................................... 6

*QBE Ins. Corp. v. Jorda Enters.*,
   277 F.R.D. 676 (S.D. Fla. 2012) ............................................................................................ 6

*Sanofi-Aventis v. Sandoz, Inc.*,
   272 F.R.D. 391 (D. N.J. 2011) ............................................................................................... 5

**Statutes/Other Authorities**

Fed. R. Civ. P. 26(b)(2)(iii) .............................................................................................................. 4

Fed. R. Civ. P. 26(c) ................................................................................................................. 3, 7

Fed. R. Civ. P. 30(b)(6) ...................................................................................................... 5, 6, 7

## INTRODUCTION

Plaintiff Alliance for Automotive Innovation ("AAI") should not be permitted to depose Auto Care Association ("ACA") regarding four Topics (as defined below) pertaining to the Maine ballot initiative that have no bearing on the pending litigation in Massachusetts. These are topics on which it would be virtually impossible for an ACA witness to prepare and testify, so a deposition would be a waste of time and resources for all involved.

ACA counsel has conferred with AAI to try to resolve this issue without the need to file this motion. As a result of those communications, AAI knows that ACA had *no* communications on the Topics including: (1) none of any kind with the Maine Attorney General regarding the Maine ballot initiative; and (2) none with the Maine Right to Repair Coalition regarding the "entity unaffiliated with a manufacturer" and "standardized" authorization system required by the Data Access law, efforts to develop a means of compliance with the Data Access Law, or manufacturers' ability or inability to comply with the Data Access Law (*i.e.*, Topics 2 - 4).

ACA has fully complied with AAI's document subpoena. ACA identified and produced to AAI all documents and communications in its custody and control between ACA and the Maine Right to Repair Coalition regarding the text of the proposed Maine ballot initiative. *None* of these documents and communications discussed the Data Access Law, and the only ACA employee that communicated with the Maine Right to Repair Coalition regarding the text of the Maine ballot initiative is now retired. Beyond the documents it already produced, ACA has no information regarding this issue (*i.e.*, Topic 1). AAI's continued request for discovery has become a fishing expedition that would accomplish nothing more than further delay and a waste of ACA's resources. The Court should grant ACA's motion for a protective order and quash the deposition subpoena.

**BACKGROUND**

On November 22, 2022, eighteen months after trial, AAI moved the Court to re-open discovery seeking documents and a 30(b)(6) deposition from ACA on a range of topics related to efforts to place a right to repair initiative on the ballot in Maine.  Pl.'s Br. Regarding Maine Ballot Initiative and Further Discovery (ECF No. 307) ("Pl. Brief").  AAI's broad requests sought internal and external communications and documents "concerning the Maine initiative," as well as internal and external communications and documents that had nothing to do with the Maine initiative but were instead a re-hash of the discovery obtained from ACA prior to trial and the June 2021 trial testimony itself.  Pl. Brief at Ex. A and B.  For example, AAI sought *all* documents and communications "concerning efforts to establish the 'entity unaffiliated with a manufacturer' and standardized authorization system required by the Data Access Law," "efforts to develop the purported means of compliance with the Data Access Law," and communications regarding "manufacturers' ability or inability to comply with the Data Access Law." *Id.*

ACA argued that the Court should deny AAI's belated discovery requests because the proposed discovery would have no probative value and add nothing to the Court's expressed desire to have a thorough record for appellate review.  Non-Party Auto Care Association's Brief Regarding Plaintiff's Request for Further Discovery *passim* (ECF Doc. 312) ("ACA Brief").  After briefing and argument, the Court reined in AAI's broad discovery requests considerably. Specifically, the Court limited AAI's document subpoena to documents and communications between ACA and the Maine Attorney General or the Maine Right to Repair Coalition regarding the subjects in the proposed subpoena.  Clerk's Notes of Jan. 5, 2023 Status Hearing (ECF No. 318). The Court left open the issue of whether AAI would be permitted to take a 30(b)(6) deposition of

ACA until after ACA produced responsive documents. Block Dec. ¶ 2, Ex. 1, Jan. 5, 2023 Tr. 17:13-18:7.

In response to the Court's ruling, ACA undertook a thorough search of all documents and communications between ACA and the Maine Attorney General and the Maine Right to Repair Coalition from June 1, 2021 to the present. The only ACA employee who had such communications was Aaron Lowe, ACA's former Senior Vice President of Regulatory and Government Affairs, and, unsurprisingly, only a handful of the communications pertained to the text of the Maine ballot initiative. Declaration of Steven A. Block ("Block Dec."), ¶ 3, Ex. 2. Even less surprising, *none* of the communications discussed manufacturers' supposed inability to comply with the Data Access Law or indicated that ACA "recognize[d] that several of the [Data Access Law's] requirements are problematic," as AAI hoped to find. Pl. Brief at 3 (ECF No. 307). Nor are there documents or communications that "are tantamount to admissions by a party opponent," as AAI ominously suggested to the Court. Block Dec. ¶ 2, Ex. 1, Jan. 5, 2023 Tr. 9:1-5.

In an effort to resolve this matter without the need for Court intervention, after ACA produced documents, it informed AAI that ACA's investigation revealed that: (1) no one at ACA had communications with the Maine Attorney General; (2) no one at ACA had communications with the Maine Right to Repair Coalition regarding Topics 2 - 4; (3) none of the produced documents involved "the differences between the statutory language proposed by the Maine Initiative and the Data Access Law, and the reasons for such differences"; and (4) the only individual at ACA who communicated with the Maine Right to Repair Coalition regarding the text of the Maine ballot initiative at all was Aaron Lowe, who had retired. Block Dec. ¶ 3, Ex. 2. Accordingly, ACA asked AAI to withdraw the 30(b)(6) deposition subpoena. *Id.* AAI refused. *Id.*

3

## ARGUMENT

Fed. R. Civ. P. 26(c) allows the court to control the time, place, scope, and confidentiality of discovery in cases before it. *See* Fed R. Civ. P. 26(c). Whether a court should issue a protective order turns on a balancing of the burden or hardship imposed by the discovery with the benefits to be secured by the discovery. Fed. R. Civ. P. 26(b)(2)(iii). A simple balancing act shows that there is no additional information – relevant to the claims and/or defenses in this action – that AAI would be able to gather from a needless and wasteful deposition of an ACA representative. *See, e.g., Digital Equip. Corp. v. System Industries, Inc.*, 108 F.R.D. 742, 744 (D. Mass. 1986) (Parties may not depose a witness with the intent to "waste" the deponent's time). Moreover, AAI is not permitted to use a deposition "to go on a fishing expedition, with the mere hope that it will obtain [the desired testimony]." *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (internal quotations omitted). Most importantly, and as explained further below, ACA does not possess the knowledge, nor has a witness who has knowledge, to testify regarding Topic Nos. 1 to 4 of the Deposition Notice.

Despite now knowing that the communications AAI hoped to find between ACA, on the one hand, and the Maine Attorney General and/or the Maine Right to Repair Coalition (*i.e.*, the Third Parties), on the other hand, do not exist[1], AAI nonetheless persists in its demand for a 30(b)(6) deposition, which in turn, has necessitated this motion. *See, e.g., Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1147 (10th Cir. 2007) ("[Plaintiff] could have explained its purported inability to provide information responsive to the [30(b)(6)] notice. Then, failing a negotiated resolution with defendants, [plaintiff] could have sought a protective order from the district court."). As explained further below, although parties generally have an

---

[1] As stated above, on January 27, 2023, ACA informed AAI, *inter alia*, that no one at ACA had communications with the Maine Attorney General and none of the produced documents involved "the differences between the statutory language proposed by the Maine Initiative and the Data Access Law, and the reasons for such differences."

4

obligation to educate and prepare a corporate designee to respond to a deposition notice, that obligation is not infinite or boundless. Here, there is simply nothing to be discovered in a deposition.

### A. ACA Does Not Possess Knowledge Nor Could It Prepare a Witness Regarding Topic No. 1 of the Deposition Subpoena.

In its Deposition Subpoena, AAI first seeks testimony from ACA regarding:

> Communications with, and Documents sent to/from, the Third Parties concerning the Maine Initiative, including the differences between the statutory language proposed by that initiative and the Data Access Law, and the reason for such differences.

("Topic No. 1") Block Dec. ¶ 5, Ex. 4. On its face, Fed. R. Civ. P. 30(b)(6) requires that the "persons designated must testify about **information known or reasonably available to the organization**." Fed. R. Civ. P. 30(b)(6) (emphasis added). Significantly, a party does not have a duty to produce a designee if the witness would not be able to testify "fully, accurately, and non-evasively" about the designated topics. *See, e.g., Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D. N.J. 2011).

Regarding Topic No. 1, the items about which AAI demands that ACA testify are not known or reasonably available to ACA. As an initial matter, the documents and communications produced by ACA do not evidence any discussion of the Data Access Law, that Aaron Lowe communicated about the "reason" for differences between the Maine ballot initiative and the Data Access Law, or that ACA "tacitly recognized the problems" with the Data Access Law. Plaintiff Alliance for Automotive Innovations' Reply Brief Regarding Maine Ballot Initiative and Further Discovery at 3 (ECF No. 313). Moreover, the only ACA employee who was a party to communications with the Maine Right to Repair Coalition was Aaron Lowe, who is now retired. Though ACA has a new Senior Vice President of Government Affairs, that individual

did not join ACA until late-September 2022 and had no communications with the Maine Right to Repair Coalition regarding the text of the initiative. Nor would she have any ability, other than by reviewing the same documents produced in response to AAI's modified subpoena, to testify on behalf of ACA regarding Topic 1.

If a corporation does not possess knowledge to properly prepare a witness, then its obligation to produce a designee "obviously cease[s], since the rule requires testimony only as to 'matters known or reasonably available to the organization.'" *Dravo Corp. v. Liberty Mutual Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995) (internal citations omitted) (emphasis added); *see also Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 38 (D. Mass. 2001) ("Certainly, the obligation imposed by Rule 30(b)(6) is not infinite. If the [designee] reviewed the available documentation and still would not have been able to give complete answers on behalf of [defendant] with respect to operating losses or other issues, and there were no other available witnesses who could do so, then [defendant]'s obligations under Rule 30(b)(6) cease, since the rule requires testimony only as to 'matters known *or reasonably available* to the organization.'") (internal citations omitted) (emphasis in original); *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("If a corporation genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information, then its obligations under the Rule cease.").

That is precisely the case here. Even if ACA's Senior Vice-President of Government Affairs "reviewed the available documentation" (*Calzaturficio S.C.A.R.P.A., s.p.a.*, 201 F.R.D. at 38), she would still lack sufficient knowledge to testify regarding Topic 1 and as such, a protective order is warranted. *See In re New Eng. Compounding Pharm., Inc.*, No. MDL No. 13-

2419-RWZ, 2015 U.S. Dist. LEXIS 199090, at *59 (D. Mass. July 31, 2015) (a "protective order [was] warranted" and a party should "not be subjected to a Rule 30(b)(6) deposition because he has no personal knowledge of the topics in the Rule 30(b)(6) notice and [the corporation] has no officers, directors, managing agents or others who have knowledge of the Rule 30(b)(6) topics"). Accordingly, the Court should grant a protective order with regard to Topic 1.

**B.     ACA Does Not Possess Knowledge Nor Could It Prepare a Witness Regarding Topic Nos. 2 to 4 of the Deposition Subpoena.**

> In its Deposition Subpoena, AAI also seeks testimony on ACA's:
>
> Communications with, and Documents sent to/from, the Third Parties concerning efforts to establish the "entity unaffiliated with a manufacturer" and "standardized" authorization system required by the Data Access Law from June 2021 to the present.
>
> Communications with, and Documents sent to/from, the Third Parties concerning efforts to develop the purported means of compliance with the Data Access Law that the Defendant has proposed in this action, such as a telematics-enabled "dongle," Extended Vehicle (ExVe) technology, and Secure Vehicle Interface (SVI), from June 2021 to the present.
>
> Communications with, and Documents sent to/from, the Third Parties from June 2021 to the present concerning motor vehicle manufacturers' ability or inability to comply with the Data Access Law.

("Topic Nos. 2 - 4") Block Dec. ¶ 5, Ex. 4.  As stated above, Topic Nos. 2 - 4 relate to subject matters for which no ACA witness would have personal knowledge because the Communications and Documents that would be the basis of the exam do not exist. ACA informed AAI that there were no Documents or Communications, written or oral, regarding Topics 2 - 4 and asked that AAI withdraw those topics.  Block Dec. ¶ 3, Ex. 2.  AAI refused, saying that it would still question a witness about the topics at a 30(b)(6) deposition to confirm that there are no documents.  *Id.*

7

Fed. R. Civ. P. 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c); *see also Koninklijke Philips Elecs. N.V. v. Zoll Med. Corp.*, No. 10-11041-NMG, 2013 U.S. Dist. LEXIS 61441, at *1, *5 (D. Mass April 30, 2013). Here, AAI's demand that ACA appear for a 30(b)(6) deposition on Topics 2 - 4, despite being told that there are no relevant Documents or Communications, is the definition of unduly burdensome. Therefore, this Court should issue a protective order as to Topics 2 - 4.

## CONCLUSION

For the foregoing reasons, Auto Care Association respectfully requests that the Court enter a protective order regarding the Alliance for Automotive Innovation's 30(b)(6) subpoena to Auto Care Association.

Dated: Chicago, Illinois  
       February 1, 2023

Respectfully submitted,

**THOMPSON HINE LLP**

By: /s/ Steven A. Block  
Steven A. Block (*pro hac vice*)  
20 N. Clark Street, Suite 3200  
Chicago, IL 60602  
Tel.: 312.998.4200  
Steven.Block@ThompsonHine.com

David A. Wilson, BBO No. 552388  
1919 M Street, NW  
Washington, DC 20036  
Tel.: 202.331.8800  
David.Wilson@ThompsonHine.com

Karim Sabbidine, BBO No. 699060  
335 Madison Avenue, 12th Floor  
New York, New York 10017-4611  
Tel.: 212.344.5680  
Karim.Sabbidine@ThompsonHine.com

*Attorneys for Non-Party Auto Care Association*

## **CERTIFICATE OF SERVICE**

I, Steven A. Block, hereby certify that on this date, February 1, 2023, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Steven A. Block
Steven A. Block (admitted *pro hac vice*)