IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANDREA JOY CAMPBELL, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity,<br><br>    Defendant. | C.A. No. 1:20-cv-12090-DPW |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED HEARING**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Alliance for Automotive Innovation ("Auto Innovators" or "Plaintiff") respectively moves for a temporary restraining order ("TRO") prohibiting enforcement of the 2020 Ballot Question No. 1, titled *An Act to Enhance, Update and Protect the 2013 Motor Vehicle Right to Repair Law*, now codified at Chapter 93K of the Massachusetts General Laws (the "Data Access Law"), until the Court renders a judgment in the instant action, or at least until the Court can consider a preliminary injunction requesting such relief.

Although the Court has not yet issued its ruling or judgment in this matter, Attorney General Andrea Joy Campbell (the "Attorney General" or "Defendant") has stated that she intends to terminate her non-enforcement stipulation effective June 1, 2023. *See* ECF No. 330. Accordingly, a TRO is unequivocally warranted here. As established at trial and as set forth in Auto Innovators' post-trial briefing, the trial record establishes that Auto Innovators should prevail on its preemption claims, and therefore has more than a reasonable likelihood of success on the merits, because federal law preempts the Data Access Law. Absent a TRO, Auto

Innovators' members will suffer irreparable harm, as any attempt to comply with the Data Access Law would require an OEM to remove essential cybersecurity protections from their vehicles; and any attempt to avoid compliance (*e.g.*, by disabling telematics or withdrawing from the Massachusetts market) would harm consumers and cause incalculable harm to OEMs' brands, goodwill and reputation. Further, the balance of equities and public interest weigh heavily in favor of a TRO, as Massachusetts drivers should not be exposed to safety risk and deprived of important features in their vehicles until this case can finally be resolved.

In addition to its request for a TRO, to the extent the Court needs additional time to render a decision in this action, Auto Innovators respectfully requests that the Court provide a schedule for additional briefing on a motion for a preliminary injunction continuing to bar enforcement of the Data Access Law pending its decision.

This Motion is based upon the accompanying Memorandum of Law in Support of Plaintiff's Motion for TRO and Expedited Hearing, as well as the evidence presented at trial and post-trial and all previous filings in this action.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Auto Innovators respectfully requests oral argument on this Motion. Because the Attorney General has stated that she will terminate the non-enforcement stipulation effective June 1, 2023 (*see* ECF No. 330), Auto Innovators respectfully requests oral argument no later than May 31, 2023.

Dated: May 25, 2023

Respectfully submitted,

ALLIANCE FOR AUTOMOTIVE INNOVATION

By its attorneys,

*/s/ Laurence A. Schoen*

Laurence A. Schoen, BBO # 633002
Elissa Flynn-Poppey, BBO# 647189
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
lschoen@mintz.com
eflynn-poppey@mintz.com

John Nadolenco (*pro hac vice*)
Erika Z. Jones (*pro hac vice*)
Jason D. Linder (*pro hac vice*)
Daniel D. Queen (*pro hac vice*)
Eric A. White (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
jnadolenco@mayerbrown.com
ejones@mayerbrown.com
jlinder@mayerbrown.com
dqueen@mayerbrown.com
eawhite@mayerbrown.com
Charles H. Haake (*pro hac vice*)
Jessica L. Simmons (*pro hac vice*)
ALLIANCE FOR AUTOMOTIVE INNOVATION
1050 K Street, NW
Suite 650
Washington, DC 20001
Tel: (202) 326-5500
chaake@autosinnovate.org
jsimmons@autosinnovate.org

**LOCAL RULE CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiff certifies that they conferred with counsel for Defendant in a good faith effort to resolve or narrow the issues raised by this Motion, but were unable to resolve the issues raised.

*/s/ Laurence A. Schoen*
Laurence A. Schoen

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was filed electronically through the Court's electronic filing system and that notice for this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system and to non-registered users by first class mail.

Dated: May 25, 2023         */s/ Laurence A. Schoen*
                            Laurence A. Schoen