

June 21, 2023

<u>Via Federal Express</u>
Kerry E. Kolodziej, Esq.
Assistant Chief Counsel for Litigation and Enforcement
National Highway Transportation Safety Administration
1200 New Jersey Avenue SE
Washington, D.C. 20590

Dear. Ms. Kolodziej:

      This this firm represents the Massachusetts Right To Repair Committee, which is comprised of a broad coalition of Massachusetts residents and thousands of independent repair shops across Massachusetts.  The Committee is responsible for the 2020 Right To Repair ballot question, which was adopted by Massachusetts voters by a 75-25 margin and became law.  <u>See</u> Mass. Gen. Laws Chapter 93K (the "Data Access Law").  This law will give Massachusetts consumers the right to have their motor vehicles maintained and repaired by mechanics of their choice, rather than being held hostage to more expensive automobile dealers and manufacturers who are monopolizing their vehicle data.

      We are writing with regard to NHTSA's June 13, 2023 letter to vehicle manufacturers, which was submitted to the Massachusetts District Court in support of the automobile manufacturer's legal challenge to the Data Access Law on federal preemption grounds.  *Alliance for Automotive Innovation v. Attorney General*, C.A. No. 1:20-cv-12090-DPW.  We are very disappointed that NHTSA either (a) does not comprehend the terms and conditions of the Data Access Law and opined, incorrectly, that the Data Access Law "poses significant safety concerns" or (b) was manipulated into giving its opinion by the automobile manufacturers.

      Of particular concern is  NHTSA's adoption of the manufacturers' allegation that the Data Access Law requirement of "open remote access to vehicle telematics" would allow "malicious actors" to send remote commands into vehicle safety systems.  This allegation is far off the mark, and some might suggest demonstrates complicity on the part of NHTSA in the manufacturers' commercial interests.  If NHTSA understood the Attorney General's far more reasonable interpretation of the statute, it would objectively conclude that the law can be implemented in a safe and secure manner.  In fact, the Data Access Law expressly states that the "open access platform" "shall be capable of *securely* communicating all mechanical data emanating directly from the motor vehicle," and only "*upon authorization of the vehicle owner*" may access to vehicle data be given to an independent repair facility.  NHTSA, like the auto manufacturers, chose to ignore these words for a reason that the Committee has a hard time comprehending.



June 21, 2023
Page 2

      NHTSA was invited by Judge Woodlock to participate in the lawsuit from the outset, and chose not to do so. Had it done so, it would have learned from experts on both sides that the Data Access Law does not present unreasonable safety concerns if the law is interpreted in the reasonable manner advanced by the Attorney General who, importantly, is also responsible for its enforcement. Of course, the Department of Justice filed a statement with the Court at the outset of the trial informing it that it took no position on the manufacturers' claim that the Data Access Law is preempted by the Motor Vehicle Safety Act or any other federal law. One can only wonder what led NHTSA to opine that the Data Access Law is preempted by the Motor Vehicle Safety Act two years after the trial, where the evidence was to the contrary.

      Given NHTSA's late arrival to the question of federal preemption and the interpretation of the Data Access Law, we believe it is only fair that NHTSA give the Committee an opportunity to meet with NHTSA to explain the safe and secure method in which the law will be implemented.

      We look forward to hearing from you at your earliest convenience regarding our request.

                                                Sincerely,

                                                */s/ Edward V. Colbert III*

                                                Edward V. Colbert III

Cc: Massachusetts Right To Repair Committee