# Exhibit A



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

August 22, 2023

Kerry Kolodziej, Esq.
Assistant Chief Counsel for Litigation and Enforcement
National Highway Traffic Safety Administration
1200 New Jersey Avenue, SE
Washington, D.C.  20590

Dear Ms. Kolodziej:

On behalf of Attorney General Andrea Joy Campbell, I write in response to your letter dated earlier today.  We respect the critical role that NHTSA plays in ensuring motor vehicle safety, and we are pleased to work collaboratively with NHTSA and other federal agencies on these important issues.  In particular, we appreciate NHTSA's willingness to discuss the concerns, outlined in your letter to vehicle manufacturers dated June 13, 2023, about potential issues related to those manufacturers' implementation of the Commonwealth's Data Access Law (i.e., Mass. G.L. c. 93K, as amended by Mass. St. 2020, c. 386).

Based on the evidence presented at the trial in Alliance for Automotive Innovation v. Campbell, No. 20-cv-12090 (D. Mass.), the Commonwealth believes that there are multiple approaches by which a vehicle manufacturer might implement the Data Access Law without violating the Motor Vehicle Safety Act or any other federal law.  The "platform" described by Mass. G.L. c. 93K, § 2(f), may utilize any type of wireless communication technology, so long as it provides the features, capabilities, and access required by the Data Access Law—including, but not limited to, the ability to "directly access[]" all "mechanical data" as that term is defined in Mass. G.L. c. 93K, § 1, and the ability to "securely communicat[e]" with vehicle owners, class 1 dealers, and independent repair facilities.  Under the Data Access Law, the types of wireless communication technology that such a platform might utilize include, but are not limited to, cellular, Wi-Fi, and Bluetooth.

Consistent with this evidence, and with the Attorney General's interpretation of the Data Access Law as presented in U.S. District Court, we can confirm NHTSA's understanding that a platform that provides the required features, capabilities, and access using a short-range wireless protocol such as Bluetooth is one approach that a vehicle manufacturer might use to achieve compliance with the Data Access Law.  We appreciate the clarification of NHTSA's position that such a short-range compliance approach, implemented appropriately, therefore would not be preempted by the Motor Vehicle Safety Act.

Kerry Kolodziej, Esq.
August 22, 2023
Page 2

We also appreciate NHTSA's willingness to continue to collaborate regarding implementation of the Data Access Law, including its timing, and to hear from stakeholders who may be interested in other compliance approaches.  For our part, we stand ready to work with NHTSA and other stakeholders to implement the Data Access Law.  We look forward to further dialogue on those topics.

On behalf of Attorney General Campbell, we thank NHTSA for its collaboration and for its commitment to supporting the Commonwealth's efforts to ensure that vehicle manufacturers implement the Data Access Law safely and promptly.

                Very truly yours,

                Eric Haskell
                Digitally signed by Eric Haskell
                Date: 2023.08.22 13:41:12 -04'00'

                Eric A. Haskell
                Assistant Attorney General