IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION,<br><br>            Plaintiff,<br><br>     vs.<br><br>ANDREA JOY CAMPBELL, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS in her official capacity,<br><br>            Defendant. | C.A. No. 1:20-cv-12090-DPW |

**PLAINTIFF ALLIANCE FOR AUTOMOTIVE INNOVATION'S RESPONSE TO THE ATTORNEY GENERAL'S AND UNITED STATES' NOTICES OF TRANSMITTAL OF LETTERS**

Auto Innovators was not involved in or invited to participate in any of the discussions that led to the correspondence between the Attorney General and NHTSA regarding the Data Access Law that was submitted to the Court on August 22, 2023. *See* Dkt. Nos. 351, 352. The Attorney General and NHTSA conducted this correspondence against the backdrop of NHTSA's June 13, 2023 letter to Auto Innovators' members and other OEMs setting forth the agency's views that "[g]iven the serious safety risks posed by the Data Access Law, taking action to open remote access to vehicles' telematics units in accordance with that law, which requires communication pathways to vehicle control systems, would conflict with [automaker] obligations under the Safety Act" and "therefore is preempted by the Safety Act." Dkt. No. 346-1 at 2-3. As NHTSA explained in its June letter, the "open remote access" contemplated by the Data Access Law, along with the "ability to send commands," could allow a malicious actor to "remotely command vehicles to operate dangerously," and "[v]ehicle crashes, injuries, or deaths are foreseeable outcomes of such a situation." *Id.* at 3. While NHTSA noted that it (like Auto Innovators and OEMs) supports consumers' ability to choose where to have their

1

vehicles serviced and repaired, "consumers must be afforded choice in a manner that does not pose an unreasonable risk to motor vehicle safety." *Id.* at 2-3. Thus, NHTSA instructed OEMs to "give [their] highest priority to ensuring motor vehicle safety" and "to fully comply with their Federal safety obligations" in light of the fact that "the Safety Act conflicts with and therefore preempts the Data Access Law." *Id.* at 4.

It appears that in response to NHTSA's June letter, the Attorney General's office engaged in discussions with NHTSA about a potential means by which OEMs might in the future satisfy the Data Access Law's requirement of "remote" access without violating their obligations under the Safety Act. Specifically, the Attorney General conveyed to NHTSA that OEMs would comply with this "remote" requirement of the Data Access Law if they "provid[ed] independent repair facilities wireless access to a vehicle from within close physical proximity to the vehicle, without providing long-range remote access," for instance by using "short-range wireless protocols, such as via Bluetooth." Dkt. No. 351-1 at 1. Without describing or opining on the technical feasibility of that approach, and without resolving NHTSA's concerns about the Data Access Law's requirements for open and unauthorized access to vehicle telematics or addressing the standardization across all makes and models in the Commonwealth as the Data Access Law requires, NHTSA stated that "a solution like this one, if implemented with appropriate care, would significantly reduce the cybersecurity risks—and therefore the safety risks—associated with remote access," and "therefore would not be preempted." *Id.* Significantly, neither the Attorney General nor NHTSA conferred with Auto Innovators or OEMs about the technical feasibility or safety of the hypothetical, proposed approach. Still, NHTSA observed that NHTSA and the Attorney General share a "common understanding" that this proposed means of potential compliance does not yet exist and that OEMs would "require a reasonable period of time to securely develop, test, and implement this technology." *Id.* at 2.

Since the technical details of this proposed means of future compliance with the Data Access Law are not included in those parties' correspondence, Auto Innovators members are unable to properly assess the feasibility of the approach that the Attorney General and NHTSA have proposed, or the timeline upon which OEMs could safely implement that approach. However, Auto Innovators welcomes NHTSA's statement that it plans to work with the Attorney General, Auto Innovators, and the OEMS "on the safe and timely implementation" of the proposed compliance methodology. *Id.*

Pending such discussions and the potential development of the future compliance solution that the Attorney General and NHTSA have proposed, nothing in NHTSA's letter to the Attorney General addressed, or changed, its previous instruction that OEMs avoid "taking action to open remote access to vehicles' telematics units," including "pathways to vehicle control systems," and otherwise "give [their] highest priority to ensuring motor vehicle safety." Dkt. No. 346-1 at 3-4. NHTSA's instructions and preemption determination, as articulated in its June letter, remain unchanged. And as NHTSA and the Attorney General recognize, there currently is no industry-wide means to comply with the entirety of the Data Access Law that would not also conflict with OEMs' Safety Act obligations.

Likewise, pending those discussions and into the future, Auto Innovators and its members will continue to ensure that Massachusetts and other U.S. consumers enjoy the right to repair their vehicles. Like NHTSA, Auto Innovators and its members "strongly support[] the right to repair." Dkt. No. 351-1 at 1. Thus, as the evidence unequivocally demonstrated during trial in this action, the aftermarket currently possesses the same information necessary to diagnose, maintain and repair vehicles as do authorized dealers. And in its ongoing effort to ensure that consumers enjoy choice with respect to the maintenance and repair of their vehicles, Auto Innovators recently entered into an Automotive Repair Data Sharing Commitment with the Automotive Service Association (ASA) and Society of Collision Repair Specialists

(SCRS), a copy of which is attached as **Exhibit A**, that reaffirms Auto Innovators members' 2014 commitment to provide independent repair facilities with access to the same diagnostic and repair information that OEMs make available to dealer networks; pledges to develop education and training programs to facilitate the right to repair; and commits to updating and advancing data-sharing policies as vehicle technologies develop. In addition, two OEMs who do not utilize dealer networks and are not members of Auto Innovators (Tesla and Rivian) recently confirmed in writing that they support that agreement, and their letters supporting such agreement are attached as **Exhibit B**.

In sum, while NHTSA, the Attorney General, and Auto Innovators all agree that a "compliance option with the secure 'open access platform' . . . is not immediately available" (Dkt. No. 351-1 at 2), Auto Innovators looks forward to working with NHTSA and the Attorney General to discuss in more detail a potential future compliance methodology that would not be preempted by federal law. In the meantime, Auto Innovators and its members intend to continue to abide by NHTSA's instruction in its June 13 letter, which speaks to the facts as they exist today.

Dated: September 22, 2023

Respectfully submitted,

ALLIANCE FOR AUTOMOTIVE INNOVATION

By its attorneys,

*/s/ Laurence A. Schoen*

Laurence A. Schoen, BBO # 633002
Elissa Flynn-Poppey, BBO# 647189
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
lschoen@mintz.com
eflynn-poppey@mintz.com

John Nadolenco (*pro hac vice*)
Erika Z. Jones (*pro hac vice*)
Jason D. Linder (*pro hac vice*)
Daniel D. Queen (*pro hac vice*)
Eric A. White (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
jnadolenco@mayerbrown.com
ejones@mayerbrown.com
jlinder@mayerbrown.com
dqueen@mayerbrown.com
eawhite@mayerbrown.com

Charles H. Haake (*pro hac vice*)
Jessica L. Simmons (*pro hac vice*)
ALLIANCE FOR AUTOMOTIVE INNOVATION
1050 K Street, NW
Suite 650
Washington, DC 20001
Tel: (202) 326-5500
chaake@autosinnovate.org
jsimmons@autosinnovate.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing was filed electronically through the Court's electronic filing system and that notice for this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system and to non-registered users by first class mail.

Dated: September 22, 2023      */s/ Laurence A. Schoen*
                                                  Laurence A. Schoen