UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION, Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL ANDREA JOY CAMPBELL, Defendant | No. 1:20-cv-12090-DJC |

**ATTORNEY GENERAL'S OPPOSITION TO MOTION TO RECALL WITNESSES**

In its Rule 63 motion, the plaintiff seeks not to allow the Court to assess witness credibility firsthand, but to re-try its case using a new witness and new evidence that has never been through required disclosure or discovery. This Court should either deny the motion and resolve the case on legal grounds or limit any re-called testimony to ensure fairness to all parties.

**A. The Plaintiff's Remaining Claims Can and Should Be Disposed as a Matter of Law.**

Rule 63 requires the recall of a trial witness whose testimony is "material and disputed." As such, it does not require recall where the trial evidence has revealed that "no material facts are in dispute and the successor judge rules as a matter of law." Patelco Credit Union v. Sahni, 262 F.3d 897, 906 (9th Cir. 2001). Indeed, "the successor judge may examine the trial transcript as if it were supporting affidavits for summary judgment purposes and enter summary judgment if no credibility determinations are required." Id. (quoting 12 Moore's Fed. Prac. § 63.05[3] (3d ed. 1999)) (affirming successor judge's entry of summary judgment where trial evidence, viewed through lens of correct interpretation of law, revealed no disputed material facts).

Here, the plaintiff's remaining claims can be disposed on any of five legal grounds. First, as the AG argued in her Motion to Dismiss (ECF #76 at 14-17) and Trial Brief (ECF #172 at 9-17), Counts 1 and 2 fail to state a claim because, in summary, the federal laws identified by the

1

plaintiff (e.g., MVSA, CAA, related regulations, non-binding "guidance") cannot, as a matter of law, preempt the Mass. Data Access Law (the "Law") here. Second, as the AG argued in her MTD (pp. 35-39), Trial Brief (pp. 7-8), and Motion for Judgment as a Matter of Law (ECF #204 at 1-2), the plaintiff lacks standing.[1] Third, as the AG argued in her Trial Brief (pp. 8-9) and JMOL motion (pp. 2-3), Counts 1 and 2 fail to state a claim because the plaintiff lacks a private right of action.

Fourth, as the AG argued in her JMOL motion (pp. 3-4), the plaintiff's trial case-in-chief revealed that the root dispute between the parties is about the correct interpretation of the Law. Section 2 of that Law, codified at Mass. G.L. c. 93K, § 2(d)(1), requires that owners' and independent repairers' access to a car's onboard diagnostic system be "standardized and not require any authorization by the manufacturer," unless such authorization is administered by an entity unaffiliated with the manufacturer. Section 3 of that Law, codified at Mass. G.L. c. 93K, § 2(f), requires manufacturers to equip any of their cars that have a telematics system with a "platform" that can "securely" communicate "mechanical data" via a connection that can be directly accessed, by both the car's owner and an independent repairer designated by the owner, "for the purposes of maintaining, diagnosing and repairing" the car. The required access must include "the ability to send commands to in-vehicle components if needed for purposes of maintenance, diagnostics and repair." The Law defines "mechanical data" as data "used for or otherwise related to the diagnosis, repair or maintenance." Mass. G.L. c. 93K, § 1; accord id. § 5

---

[1] Contrary to the plaintiff's suggestions, neither Bryson Bort nor Steven Douglas gave material, disputed testimony going to associational standing. Bort cannot possibly carry the plaintiff's burden to show that "neither the claim asserted nor the relief requested requires the participation of individual members," Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977), where he considered technical details for only GM and FCA cars. ECF #219 at 186. And Douglas's testimony about the plaintiff's membership and presence in the industry, ECF #196 ¶ 2, is not disputed.

("Nothing in this chapter shall be construed to require manufacturers or dealers to provide an owner or independent repair facility access to non-diagnostic and repair information . . . .").

The plaintiff's trial witnesses—including GM's Kevin Tierney and expert Bryson Bort—offered opinions as to what a manufacturer might need to do to comply with the Law, and whether it could do so without conflicting with the MVSA or CAA. ECF #197 (Tierney direct), #200 (Bort direct). But the trial evidence revealed that those witnesses' opinions were premised on untenably expansive interpretations of the Law. For example, Tierney testified that he interpreted the Law to require access to "components far beyond anything even remotely related to vehicle diagnosis, repair or maintenance," including "unlimited read-write access to nearly all vehicle components." ECF #219 at 54-57. Bort testified that he interpreted the Law to mean "anyone can have access to the insides of a vehicle," with the ability to access "all traffic for any kind of internal messaging that concerns the vehicle's operation." Id. at 187-89. As the AG argued (ECF ##204,232), these interpretations not only misconstrue the Law, but also contravene the Court's duties to avoid "assum[ing] [the Law] will be construed in a way that creates a conflict with federal law," Arizona v. United States, 567 U.S. 387, 415 (2012), and to consider a "limiting construction that a state . . . enforcement agency has proffered." Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 66 (1st Cir. 2011); cf. ECF #232 FF ¶¶ 55-74 (proffering AG's limiting construction of Law). Because the testimony that the plaintiff presented at trial, and now seeks to re-present, is premised on a legally incorrect interpretation of the Law, it is not material to the root dispute in this case.

Fifth, it is undisputed—indeed, the parties stipulated—that not all cars have a telematics system. See ECF #235 ¶¶ 91,199,202; ECF #262 (post-trial stipulation regarding Subaru's disablement of telematics). The parties have, in briefing, disputed whether a manufacturer's

non-use of telematics constitutes compliance with the Data Access Law, see ECF ##263,264, but that is another issue of pure law on which the plaintiff's remaining claims should be disposed.

Where each of these grounds is live, fully briefed, and compels disposition of Counts 1 and 2 on legal grounds, this Court should resolve them before it considers re-calling witnesses.[2]

### B.    The Court Should Limit Re-Called Testimony to Ensure Fairness to All Parties.

The typical purpose of Rule 63 is to allow a successor judge to determine credibility firsthand, where a case will turn on such a determination.  E.g., Home Placement Svc., Inc. v. Providence Journal Co., 819 F.2d 1199, 1204 n.6 (1st Cir. 1987) (under prior version of Rule 63, successor judge need not hear evidence anew where case "turns not on witness credibility, but on the legal sufficiency" of evidence).  Rule 63 "provides no basis for [a party's] contention that she is entitled to a do-over of [its] trial."  Alverio v. Sam's Warehouse Club, Inc., 253 F.3d 933, 937 (7th Cir. 2001).

Here, the plaintiff proposes just such a do-over.  Blowing past the language of Rule 63 that permits witnesses to be "**re**call[ed]," the plaintiff seeks to call for the first time Wayne Weikel, who neither testified at the original trial nor even appeared on the plaintiff's witness list.

---

[2] Although Judge Woodlock denied the AG's MTD and JMOL motion after trial, he did so "summarily" and "for reasons that will be fully developed in the Memorandum to be issued regarding the [forthcoming] Findings and Conclusions."  ECF #334.  Where such Findings and Conclusions never issued, this Court is empowered "to make an independent assessment" of those issues of law.  See Maritimes & N.E. Pipeline, LLC v. 0.714 Acres of Land, No. 02-cv-11054, 2007 WL 2461054 (D. Mass. Aug. 27, 2007) (where original judge recused after holding bench trial and entering summary Order for Judgment in certain amount, but before entering Findings and Conclusions, successor judge obligated to assess judgment anew because, absent Findings and Conclusions, "the reasons for [the original judge's conclusions] do not appear").

Judge Woodlock also purported to deny the MTD as to Counts 1 and 2 prior to trial, "without prejudice to development on the merits."  See ECF #93.  But he provided no reasons for his decision and, as such, the same principle governs.  In any event, the AG's Rule 12(b)(6) defenses can be raised at trial, see Fed. R. Civ. P. 12(h)(2)(C)—and, indeed, were raised at trial, see ECF #172,204,232,263—and lack of associational standing, because it is jurisdictional, can form the basis for dismissal "at any time."  Fed. R. Civ. P. 12(h)(3).

4

See ECF #159. And, as to its witnesses who did testify at the original trial, the plaintiff proposes that Tierney testify about "developments since trial," that Bort testify about alleged cybersecurity risks that "have only grown since trial," and that Steven Douglas testify about how automakers' efforts "switched to Maine" after the trial. ECF #357 at 3-5. Such testimony not only exceeds the scope of a Rule 63 recall: it also has never been subject to required initial and expert disclosures under Rule 26(a), or to discovery by the AG.[3] The potential for gamesmanship, prejudice, and unfairness in the plaintiff's proposal is inescapable.

Accordingly, if the Court determines that the testimony of the witnesses the plaintiff seeks to recall is material and disputed, and this case cannot be adjudicated without assessing witness credibility, it should place certain limits on any re-called testimony. Specifically: (1) the re-called witness should present his direct testimony in the form of the affidavit he filed in connection with the original trial (ECF ##196, 197, and 200, respectively), just the same as every trial witness for both parties did; and (2) this Court should exercise its discretion to limit the witness's re-direct testimony to the scope of cross-examination, cf. United States v. Monteiro, 871 F.3d 99, 112 (1st Cir. 2017), which will ensure that his re-direct testimony does not transcend the scope of prior disclosure and discovery, except to the extent the AG might "open the door" during cross-examination. And, if this Court determines, over the AG's objection, that evidence transcending the scope of prior disclosures and discovery is necessary to adjudicate this case, it should order appropriate periods for both parties to make further disclosures and to conduct further discovery, and give both parties the opportunity to present additional evidence.

---

[3] Although Judge Woodlock allowed post-trial discovery as to a Maine ballot initiative proposing a similar law, he limited that discovery to the plaintiff's serving a subpoena duces tecum on a third party that supported both the Maine and Massachusetts initiatives, and the plaintiff's deposing a single employee of that third party. See ECF ##318,319,327,331.

<table>
<tr><td>Jan. 24, 2025</td><td>Respectfully submitted,<br><br>ANDREA JOY CAMPBELL<br>ATTORNEY GENERAL<br><br>By her attorneys:<br><br>   */s/ Eric Haskell*<br>————————————————<br>Eric A. Haskell, BBO No. 665533<br>Phoebe Fischer-Groban, BBO No. 687068<br>Christine Fimognari, BBO No. 703410<br>Assistant Attorneys General<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>(617) 963-2855<br>eric.haskell@mass.gov</td></tr>
</table>

## CERTIFICATE OF SERVICE

    I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<table>
<tr><td>Jan. 24, 2025</td><td>   */s/ Eric Haskell*<br>————————————————<br>     Eric A. Haskell<br>   Assistant Attorney General</td></tr>
</table>